## Monongahela River Consolidated Coal & Coke Co. v. Hines, Appellant.

*Mines and mining—Mining rights—Release of surface support —Covenant running with land.*

Where coal in a tract of land is conveyed by a deed with the right to mine, remove and carry away the same "without any liability for injury caused thereby to the surface of the land overlying said coal," the covenant therein contained runs with the land, and inures to the advantage of a subsequent grantee.

Argued April 17, 1916. Appeal, No. 10, April T., 1916, by defendant, from judgment of C. P. Washington Co., Aug. T., 1914, No. 4, on verdict for plaintiff in case

of Monongahela River Consolidated Coal & Coke Company v. James E. Hines, Surviving Executor of the Estate of Isaac W. Richards, deceased. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover money which the defendant was compelled to pay under a judgment.

At the trial the jury returned a verdict for plaintiff for $1,241.93. On a rule for judgment n. o. v. MCILVANE, P. J., filed the following opinion:

1. On May 28, 1887, Isaac W. Richards, being the owner of a tract of land in East and West Pike Run Townships, Washington County, Pennsylvania, containing 89½ acres more or less, conveyed one acre of said tract to William Lundy, excepting and reserving all the coal underlying the said one acre, with the privilege of mining and carrying away the same. Under his deed there is no question raised but what William Lundy was entitled to the support of his surface from the owner of the coal reserved when he came to exercise his privilege of mining and carrying away the same.

2. On the first day of March, 1892, Isaac W. Richards, by a proper deed of conveyance, granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed unto The New York and Cleveland Gas Coal Company, all of the Pittsburgh or river vein of coal underlying his said farm of 89 acres and a half in East and West Pike Run Townships, which included the coal underlying the lot conveyed to William Lundy, and in the deed whereby said coal was conveyed, after the description of the same was therein given, the following paragraphs appeared:

"Hereby giving and granting unto the party of the second part, its successors and assigns, the right to mine, remove and carry away all of the coal above described, without any liability for injuries caused thereby to the surface of the land overlying said coal, or to springs, streams or water-courses thereon or thereunder said sur-

face; and also the right to transport under the surface of said land, all coal now owned or which may hereafter be owned by the said party of the second part, its successors and assigns; and also all usual and convenient mining rights and privileges, including drainage and ventilation.

"And together with all and singular the improvements, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the said party of the first part, in law, equity, or otherwise, howsoever, of, in and to the same, and every part thereof. To have and to hold, the said tract of coal, mining rights, privileges, hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said party of the second part, its successors and assigns, forever."

This was followed by a covenant of general warranty, whereby Isaac W. Richards "for himself, his heirs, executors and administrators, did covenant, grant and agree with the party of the second part, its successors and assigns, all and singular the hereditaments and premises granted or mentioned and intended so to be, unto the said party of the second part, its successors and assigns, against him, the said Isaac W. Richards and his heirs, and against all and every other person or persons whatsoever lawfully claiming or to claim the same or any part thereof, to warrant and forever defend."

3. The New York and Cleveland Gas Coal Company, by a proper deed of conveyance, conveyed a part of said tract of coal, including that which was under the Lundy lot, to the Monongahela River Consolidated Coal and Coke Company; and the Monongahela River Consolidated Coal and Coke Company afterwards conveyed the same to the Vesta Coal Company. The Vesta Coal Com-

pany mined the coal from under the surface of William Lundy's lot and left no support for the surface, by reason of which the surface subsided and injury was done thereto.   William Lundy, to No. 1041 of February Term, 1912, of this court, brought an action for trespass against the Vesta Coal Company to recover damages for the injury that was done to his surface by the Vesta Coal Company by its failing to leave sufficient support for his surface, and recovered in said action a verdict of $850.20, and the Vesta Coal Company in defending that action expended in costs and expenses the additional sum of $250.   The Vesta Coal Company to No. 483 May Term, 1913, of this court, brought a suit against the Monongahela River Consolidated Coal and Coke Company to recover from said last named coal company $1,100.20, which with the interest accrued thereon on the 11th day of May, 1914, was $1,182.78.   Judgment for this amount was obtained by the Vesta Coal Company against the Monongahela River Consolidated Coal and Coke Company in this court and the same was paid by the defendant in that suit to the plaintiff.   The Monongahela River Consolidated Coal and Coke Company then brought this present action to recover from the surviving executor of the estate of Isaac W. Richards the sum of $1,182.78 with interest from the 11th day of May, 1914.

4. Isaac W. Richards died on the 16th day of July, 1908, leaving a will in which he appointed his wife, Margaret Richards, and James E. Hines, executors.   Margaret Richards, one of the executors named, died before the bringing of this suit, leaving James E. Hines as the surviving executor.

5. At the time William Lundy brought suit against the Vesta Coal Company to recover damages against it for not leaving surface support, the Vesta Coal Company notified James E. Hines, surviving executor of Isaac W. Richards, to appear and defend said suit; and he was also given notice of the suit of the Vesta Coal Company against the Monongahela River Consolidated Coal &

Coke Company and requested to defend that suit. He appeared in neither of these suits to make a defense.

Counsel for the defendant appear to consider this case as one that is based solely on the covenant of general warranty found in the last part of Isaac W. Richards', deed, and considerable was said at the argument about what originally was the nature of a general warranty. This discussion of warranty in its original form may be interesting, but it has little or no application to the case in hand, as in this state, as well as the other states of the union, courts look at the intention of the parties and take the whole after language of a deed to determine their rights, and if either express or implied covenants are found in the deed, which have been violated, the breach of these express or implied covenants is made the basis of an action to recover damages, and the question at issue is not so much one of technical eviction but as to whether or not the grantor has made a covenant which has been broken to the injury of his grantee or some one holding under him.

Looking then to the deed of Isaac W. Richards to the New York and Cleveland Gas Coal Company, we find first that he granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed unto said coal company the acre of coal underlying the William Lundy surface, and then he used these words: "Hereby giving and granting unto the party of the second part, its successors and assigns, the right to mine, remove and carry away all of the coal above described, without any liability for injuries caused thereby to the surface of the land overlying said coal, or to springs, streams or water-courses thereon or thereunder said surface." Out of these words which we have quoted arises an obligation of the grantor to make them good and a covenant on his part may be implied from their use that he has done nothing and will do nothing whereby the rights which he has thereby conveyed may be defeated. The very words which he makes use of under the law are a covenant that if the coal com-

pany mines, removes and carries away all of the coal above described, there is no one that can by reason of the act of him the grantor hold the company liable for injuries to the surface for thus mining, removing and carrying away all of said coal. This being the covenant on his part, the question arises whether or not it was broken when William Lundy showed in this court in the trial of Lundy v. The Vesta Coal Company, that there was liability to him on account of injuries to the surface caused by mining, removing and carrying away all the coal under said surface and thus removing the support of the surface. We are clearly of the opinion, taking the whole deed together, that there was an implied covenant on the part of Isaac W. Richards to the New York and Cleveland Gas Coal Company that no one would sue it to enforce a liability growing out of the removal of all the coal under the Lundy surface; and we are also satisfied that this implied covenant was broken and that the damage done is to be measured by what was recovered in former suits of which the executor of Isaac W. Richards had notice and which he failed to successfully defend.

This being the case, the question arises whether or not this covenant that is implied from the language used by the grantor in the deed to the New York and Cleveland Gas Coal Company is such a one as runs with the land, and we are clearly of the opinion that the parties so intended, for the reason that in the deed the grantor specifically binds himself, his heirs, his executors and his administrators; and he also says in his deed that the rights under the deed shall extend not only to the New York and Cleveland Gas Coal Company but to its successors and assigns. Again, the very nature of the property and rights which were conveyed and the provisions found in the deed taken as a whole, clearly show that this implied covenant of which we have spoken ran with the land and that not only Isaac W. Richards but his heirs, executors and administrators were liable for a

breach of the conditions of that covenant, to any one who might at the time being hold title to the coal.

We are therefore of the opinion that the court did not err in refusing the defendant's points and instructing the jury to find for the plaintiff the amount which this court to No. 483, May Term, 1913, found that the plaintiff, the Monongahela River Consolidated Coal and Coke Company, was liable for by reason of the fact that Isaac W. Richards, his heirs, executors and assigns, had failed to meet the liability caused by the subsidence of the surface conveyed to William Lundy, or had failed to reimburse the plaintiff in this case for what it had to pay by reason of that liability.

There is no doubt where one conveys a fee simple title to a tract of land to another and in his deed of conveyance inserts a covenant of general warranty, that the grantee in a suit for damages for violation of that covenant must allege and prove an eviction. Nor is there any doubt that the damages he can recover in such a case are limited by the price paid for the land from which he was evicted and interest thereon: Knepper v. Kurtz, 58 Pa. 480; Tyson v. Eyrick, 141 Pa. 296.

But where the owner of a fee simple title of a tract of land divides it, either by a perpendicular or a horizontal line, and conveys one part to one person and the other part to another person and puts in his deeds of conveyance,—besides the covenant of general warranty,—restrictions and agreements affecting the rights of the grantees in the enjoyment of their respective parcels, covenants arise out of these restrictions and agreements which,—if they run with the land,—are binding not only upon the grantor and the respective grantees of the parts conveyed but upon their heirs and assigns. An illustration of this is found in the cases of Muzzarelli v. Hulshizer, 163 Pa. 643, and Landell v. Hamilton, 175 Pa. 327.

A covenant is an agreement under seal, therefore every agreement contained in a deed is a covenant, because a

deed is a writing under seal and delivered by the parties: Mitchell on Real Estate and Conveyancing, page 437.

Where the mineral estate is severed from the surface by a conveyance, the lower estate passes to the grantee subject to the servitude of access.    The lower estates owe to each other and to the owner of the surface an easement for support.    The owner of the mine must leave enough of the mineral in place to answer the purposes of support for the surface, unless the owner of the surface has released his right of support.    And the surface is entitled to support unless its right thereto has been clearly released by the owner: Robertson v. Youghiogheny, Etc., Coal Co., 172 Pa. 566.

The man who grants the minerals and reserves the surface is entitled to make a bargain with reference to coals and minerals, as he is entitled to make a bargain with reference to anything else.    The same rule applies when one grants the surface and retains the minerals.    In each case the question is, did the parties agree there should be no obligation in regard to support.    Such an agreement is a covenant in regard to the enjoyment of a thing in being.    It is a covenant which runs with the land.    Subsequent purchasers take subject thereto.    See Scranton v. Phillips, 94 Pa. 15.

Let us see how these principles apply to the case in hand.

Isaac W. Richards having inserted at the end of his deed to the New York and Cleveland Gas Coal Company a covenant of general warranty, thereby in substance said to his grantee: "I am solely possessed of the coal and all the incidental mining rights that I herein convey."    And in view of this fact, his words "hereby giving and granting unto the party of the second part, its successors and assigns, the right to mine, remove and carry away all of the coal above described, without any liability for injuries caused thereby to the surface of the land overlying said coal," contained in the body of the deed, became a covenant by implication that there either

could be no such liability (that is, that the surface would not subside if all the coal was taken out), or that if there was a subsidence and liability shown, he would take care of it by reimbursing the grantee or its assigns if it suffered loss.

In the case at bar there was no occasion for the plaintiff to prove that either the New York and Cleveland Gas Coal Company or some one of its assigns had been evicted from the coal conveyed or some part of it, for such was not its complaint.  Its complaint was that its right to mine all the coal without liability for injuries caused thereby to the surface had been invaded, and the implied covenant of Isaac W. Richards giving and granting full mining rights without liability had thus been broken to its injury; and that it was injured because of an act of Isaac W. Richards, to wit, his making a prior deed of conveyance to William Lundy for the surface without reserving the full mining rights which he afterwards conveyed to the New York and Cleveland Gas Coal Company; or, to state it in another way, his implied covenant in the deed conveying the coal to the New York and Cleveland Gas Coal Company was an assertion that he had not conveyed the surface to another with the right of support, and the moment another successfully obtained judgment for injury to the surface caused by mining out all of the coal, that moment a breach of the covenant contained in the New York and Cleveland Gas Coal Company deed conveying full mining rights to it, was established.  The issue therefore before the court in the case at bar did not involve the title to any part of the coal conveyed but did involve a right in mining the same which Isaac W. Richards covenanted in his deed that the grantee,—the New York and Cleveland Gas Coal Company,—and its successors and assigns should have, and of which one of its assigns had been deprived, to its great loss, as shown by the records of this court introduced in evidence.  This suit was in effect a suit to recover back what the plaintiff had lost by reason of the failure

of Isaac W. Richards to perform his covenants expressed and implied in the deed he gave to. the New York and Cleveland Gas Coal Company. The record evidence of the plaintiff showed the covenants, showed the breach of the same and showed the loss sustained by the plaintiff by reason of that breach, and the jury were, in our opinion, properly instructed to find the verdict which they did find.

And now, April 15, 1915, motion of the defendant for judgment non obstante veredicto came on to be heard and was argued by counsel, whereupon, it is ordered, adjudged and decreed that said motion be overruled.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*R. H. Meloy,* for appellant.

*Don Rose,* of *Johnston & Rose,* for appellee.

OPINION BY HENDERSON, J., July 18, 1916:

The grant from Isaac W. Richards to the New York and Cleveland Gas Coal Company covered the Pittsburgh vein of coal in the whole tract together with the right to mine, remove and carry away the same "without any liability for injury caused thereby to the surface of the land overlying said coal"; and the same title was transferred by that company to the plaintiff. Richards owned all of the surface except that which he had theretofore conveyed to Lundy but as to the latter he was without authority to contract with respect to a release of liability for damages in case of a subsidence of the surface. The undoubted intention of the parties to the grant was that the grantee might mine and remove the coal without any obligation to support the surface or liability in case it fell, and this was a competent subject of bargain. One who grants the minerals and reserves the surface may make any contract he likes with the grantee with refer-

ence thereto and where as in this case the contract relates to the exercise of the right to mine and affects the realty granted it runs with the land and inures to the advantage of a subsequent grantee. Where the contract relates to a thing in esse the thing to be done by the force of the agreement is annexed and appurtenant to the thing demised and goes therewith. In this State every right which can arise out of land by a grant or reservation may be made the subject of an appropriate covenant which will bind the land as well as the parties and may be enforced by and against subsequent assignees and purchasers: Provident L. & T. Co. v. Fiss, 147 Pa. 232. There could have been no other purpose in the use of the words of the grant relating to liability for injuries caused to the surface by removing the coal than the relief of the grantee or its assignees from the consequences of such injury. It is not to be questioned that the language of the grant is sufficient to transfer all the mining rights relating to the particular vein of coal and the provisions with reference to the removal of the coal and exemption from liability for injury to the surface were germane to and an integral part of the grant: Kellert v. Rochester & Pittsburgh Coal and Iron Co., 226 Pa. 27; and subject to the grantor's covenant to make good his agreement with reference thereto. The learned trial judge construed the obligation of the deed with respect to the matter in controversy to be a covenant by implication that there either would be no injury from subsidence or that if any occurred the grantor would be responsible to the grantees for any resulting loss and this we regard as the purport and purpose of the stipulation in the conveyance on which the action is founded. The opinion filed by the trial judge in disposing of the defendant's motions for a new trial and for judgment non obstante veredicto contains a full and clear discussion of the questions raised in the case and vindicates the conclusion reached. It is unnecessary to further add to that discussion.

The judgment is affirmed.