## Kellert, Appellant, *v.* Rochester & Pittsburg Coal & Iron Company.

*Mines and mining—Coal—Surface support—Release of damages.*

1. Where a deed conveying coal in fee simple with mining rights contains a clause by which the grantors release all claim for damages caused by the operation or working of the coal mines, such release is binding upon subsequent grantees of the surface land, although in the clause containing the release the words "heirs and assigns," are not used after the names of the grantors.

2. Where the grantors of coal under land, "release all and every claim or claims for damages to the said land caused by operating or working of said mines in a proper manner," the removal of all the coal

is not an improper operating or working of the mines; and if such removal causes a subsidence of the surface, the owners of the coal will not be liable to the owners of the surface for the injuries resulting from the subsidence.

Argued Oct. 6, 1909. Appeal, No. 71, Oct. T., 1909, by plaintiffs, from order of C. P. Jefferson Co., Jan. T., 1908, No. 87, refusing to take off nonsuit in case of Anthony Kellert and Ida Kellert, his wife, v. Rochester & Pittsburg Coal & Iron Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to surface of land. At the trial the court entered a compulsory nonsuit.

On a motion to take off the nonsuit REED, P. J., filed the following opinion:

The plaintiff's testimony disclosed that the right to absolute support for their surface land, alleged to have been damaged by the removal of the coal thereunder, was qualified by the following stipulations and release contained in the deed from Samuel Craft and wife to Adrian Iselin for said coal, to wit: The said parties of the first part grant, bargain and sell unto the said party of the second part, his heirs and assigns, "all the coal of whatever kind, etc.," underlying the plaintiffs' land. "Together with the right of ingress and egress into, upon and from the said land for the purpose of examining and searching for, and of mining, manufacturing, and preparing the said coal for market, and taking, storing, removing and transporting the same, and for these purposes to build roads and drains upon or under the surface of said land, and to locate and erect such buildings or other structures with the necessary curtilage as may be necessary and proper for the convenient use and working of the mines or works, with a right to deposit the dirt or waste of said mines or works, upon the surface convenient thereto. And the said parties of the first part do hereby release all and every claim or claims for damages to the said land caused by operating or working of said mines in a proper manner."

On the trial of the cause as well as on the argument of the present motion to lift the nonsuit, it was contended that the release of damages contained in this deed bound the grantors alone, and did not extend to their grantees, the plaintiffs, since it is not in express words made to apply to the grantors, "their heirs and assigns." In my opinion this contention can find no support either in the law or the facts in this case. The deed from Samuel Craft and wife to Adrian Iselin in apt words conveys a fee in the coal, and the subsequent related stipulations and the release of damages to the surface that might result from the removal of the coal are germane to and an integral part of the grant. It was not necessary to repeat the words "heirs and assigns" in connection therewith to make said stipulations and release apply to subsequent grantees of the surface land. Furthermore, a release does not necessarily require words of inheritance to make it so obligatory, and if this release were to be considered merely as an executory contract or agreement, being recorded and directly in the line of the plaintiffs' title, it would be binding on them without words of inheritance.

Counsel for plaintiffs was asked on the trial of the case what this release applied to, or what it meant, and he replied in substance that it had no significance and did not mean anything. Since then he has stated to the court that this reply. needed some modification, and he proceeded on the argument of the present motion to point out two classes of damage which the owner of the surface land might sustain by the removal of the underlying coal. First, the subsidence of the surface due to the removal of all the coal, and, second, injury to the surface by reason of a negligent or improper method of operating the mines in the removal of the coal, although sufficient coal is left in the land to support the surface, and contended that the release in question, if it had application to anything, applied to this latter class of damages. It is conceded that the defendant's predecessor in title paid full value for all the coal in the land, and also that the defendant had a right to remove every pound of it if it could do so without letting down the surface. The manifest object of the stipu-

lations and release in the deed of the grantors was to secure to the grantee, without liability for damages on account of injury to the surface, that which had been purchased, namely, all the coal in the land; providing it was taken out in a proper manner.   Without these stipulations and release the grantee could not remove any of the coal purchased, no matter how carefully and skillfully it might be done, if its presence in the ground were necessary to the support of the surface.   So long as the surface is not disturbed, it is immaterial to the owner whether the coal is taken out in a proper or improper manner. The grantors and grantee knew this, or are presumed to have known it, and it must be assumed that they made their contract with reference to the law applicable to such transactions.   The release of damages contained in the deed is expressed in the broadest possible terms, and the only exception made on account of damages to the surface by reason of the removal of the coal is those damages which might be caused by operating or working the mines in an improper manner. The removal of all the coal, and this is the only ground of complaint, is not an improper operating or working of the mines: Youghiogheny River Coal Co. v. Allegheny National Bank, 211 Pa. 319.   There is no substantial distinction between the case cited and the case at bar, and the latter is ruled by the former.

And now, December 31, 1908, the motion to take off the nonsuit heretofore granted is refused.

*Error assigned* was order refusing to take off nonsuit.

*A. J. Truitt*, for appellants.

*B. M. Clark*, with him *A. B. Stewart*, for appellee.

PER CURIAM, October 25, 1909:

The judgment is affirmed on the opinion of the court below.