# Stilley, Appellant *v.* Pittsburgh-Buffalo Company.

*Mines and mining—Surface—Support—Waiver of damages—Intention of parties.*

1. In a grant of all the coal underlying a tract of land, in the absence of an express waiver, or the use of words from which the intention to waive clearly appears, there is imposed upon the mineral estate the servitude of surface support. The owner of the surface may waive the right of surface support by his deed or covenant.

2. Where a deed conveys all the coal underlying a tract of land "together with the free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining and carrying away said coal, hereby waiving all damages arising therefrom," the words "waiving all damages" are to be construed to include such injuries to the land as may result from mining and removing all the coal. By such a deed the grantor waives his right to surface support.

Argued Nov. 3, 1911. Appeal, No. 238, Oct. T., 1911, by plaintiff from decree of C. P. No. 2, Allegheny Co., Jan. T., 1911, No. 400, dismissing bill in equity in suit of John H. Stilley v. Pittsburgh-Buffalo Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

HAYMAKER, J., found the facts and conclusions of law as follows:

1. The plaintiff is the owner in fee simple of all that certain tract of land situate in Jefferson Township, Allegheny County, containing ninety-five (95) acres, eighty (80) perches, subject to the conveyance of the coal and mining rights by his predecessors in title. The said property being conveyed to the plaintiff by Jackson Stilley by deed dated April 1st, 1895.

2. That all the land underlying the said tract of land, together with certain mining rights, was con-

veyed by Jackson Stilley, the plaintiff's predecessor in title, to J. J. Lawrence by deed dated January 18th, 1883. The mining rights and privileges which accompanied the said conveyance and were made a part thereof, were as follows:

> "Together with free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining and carrying away said coal; hereby waiving all damages arising therefrom. Together with the privilege of mining and removing through said premises other coal belonging to said party of the second part, his heirs or assigns, or which he or they or any of them may hereafter acquire."

3. The defendant is the owner of 49.86 acres of the said coal conveyed by Jackson Stilley to J. J. Lawrence, underlying the said land of the plaintiff. Said coal being conveyed to the defendant by a deed from the Pittsburgh Coal Company of Pennsylvania, dated December 27th, 1907, and in which the mining rights are as follows:

> "Together with the free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining and carrying away said coal and without liability for damages arising therefrom. Together with the privilege of mining and removing through said premises other coal now or hereafter owned by the said Grantee, its successors or assigns."

4. The defendant has been for some time and now is mining and removing the said coal owned by it underlying the plaintiff's land, on which are situated plaintiff's dwelling house, barn and other improvements, and in so doing, has been and now is removing the supports of the surface of plaintiff's land, thereby causing the surface to break and sink and the said dwelling

house, barn and other improvements thereon to be injured.

5. Defendant proposes and intends to continue mining and removing the said coal owned by it underlying plaintiff's land, and to continue removing the supports of the surface, by reason whereof, it is reasonable and probable to expect that further injury will be done to the surface of plaintiff's land and the improvements thereon.

6. That the negligence complained of is not of the manner of mining and removing the said coal, but of the removal of the supports of the surface and the failure to support the surface, thereby causing the surface of plaintiff's land to break and sink and the improvements thereon to be injured.

7. The injuries sustained by plaintiff are permanent and continuing.

### CONCLUSIONS OF LAW.

1. In the grant of all the coal only underlying a tract of land, reserving the surface, the grantee owes the duty of surface support, unless the grantor by apt words or implication in the grant releases him from that obligation.

2. The right to surface support is an absolute one arising out of the ownership thereof, and before it can be taken away the burden is upon the owner of the coal to show that the surface owner has contracted himself out of that right by plain and explicit language, and it cannot be taken away by any language in the grant that does not plainly import such an intention on the part of the surface owner.

3. The following mining rights and privileges contained in the deed of conveyance from Jackson Stilley, the plaintiff's predecessor in title, to J. J. Lawrence:

"Together with free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary

for the purpose of digging, mining and carrying away said coal; hereby waiving all damages arising therefrom. Together with the privilege of mining and removing through said premises other coal belonging to said party of the second part, his heirs or assigns, or which he or they or any of them may hereafter acquire,"

constitute a valid release of the right of surface support, and the plaintiff is not entitled to the relief prayed for in his bill.

5. The plaintiff's bill should be and is hereby dismissed at his cost.

*Error assigned* was decree dismissing the bill.

*J. C. Boyer* and *John A. Metz,* for appellant.—The owner of the mine must leave enough of the mineral in place to answer the purpose of support for the surface, unless the owner of the surface has released his right to support: Noonan v. Pardee, 200 Pa. 474; Robertson v. Coal Co., 172 Pa. 566.

The right of surface support is an absolute right: Youghiogheny River Coal Co. v. Allegheny Nat. Bank, 211 Pa. 319; Miles v. Pennsylvania Coal Co., 214 Pa. 544.

An absolute right of surface support is not waived by language which does not necessarily import such a result: Myers v. Robinson, 74 Pa. 269; Coleman v. Chadwick, 80 Pa. 81; Williams v. Hay, 120 Pa. 485; Robertson v. Coal Co., 172 Pa. 556; Dignan v. Altoona Coal & Coke Co., 222 Pa. 390.

The support of the surface is not a part of the mining operation, but an absolute, independent duty imposed upon the owner of the coal: Buchanan v. Andrew, L. R. 2 Scotch App. 286; Jones v. Wagner, 66 Pa. 429; Pringle v. Vesta Coal Co., 172 Pa. 438; Hill v. Pardee, 143 Pa. 98; Carlin v. Chappel, 101 Pa. 348.

*Stephen Stone,* of *Stone & Stone,* with him *A. Wilson McCandless,* for appellee, cited Kellert v. Rochester & Pittsburg Coal and Iron Co., 226 Pa. 27.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

The rule of law upon which appellant relies is well settled in Pennsylvania, but difficulties frequently arise in applying it to the facts of a particular case. The rule is that in a grant of all the coal underlying a tract of land, in the absence of an express waiver, or the use of words from which the intention to waive clearly appears, there is imposed upon the mineral estate the servitude of surface support. In our state there has been no departure from this rule which has been recognized and asserted from Jones v. Wagner, 66 Pa. 429, to Dignan v. Coal & Coke Company, 222 Pa. 390. While the common law right of the owner of the soil to have the surface of his land supported by the underlying mineral estate conveyed to another party, has always been recognized by our courts, it is equally true that the surface owner may and does waive this right by a grant of all the coal with the right to mine and remove it without liability for damage to the surface by so doing. Our cases relating to this question may very properly be divided into three classes: 1. Those relating to grants of coal without any mention of damages to the surface by mining and removing the same; 2. Those relating to grants of coal coupled with mining rights and the waiver of damages resulting by reason of the proper exercise of the mining privileges; and, 3. Those cases in which the grant of the coal together with mining rights is followed either by an express waiver of damages to the surface resulting from the removal of the coal, or by words importing such a waiver. In the first class of cases, the owner of the surface has the unquestioned right to recover damages for injuries to the surface occasioned by the removal of the coal. To this class belong Jones v. Wagner, supra; Horner v. Watson, **79**

Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Carlin v. Chappel, 101 Pa. 348; Pringle v. Vesta Coal Co., 172 Pa. 438; Weaver v. Coal Co., 216 Pa. 195, and Berkey v. Coal Mining Co., 229 Pa. 417. In this class of cases, there being no waiver of damages to the surface either express or implied, the surface owner is entitled to recover compensation for such injuries as he may have sustained by failure to properly support the surface. In the second class of cases there was a waiver of damages but it was held that this waiver applied to the · mining privileges granted and had no reference to the right of the owner to have his surface supported. In this class are included Williams v. Hay, 120 Pa. 485, and Dignan v. Coal & Coke Company, supra. The third class of cases includes Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Valley Coal Co., 212 Pa. 63; Miles v. Pennsylvania Coal Co., 217 Pa. 449, and Kellert v. Coal & Iron Company, 226 Pa. 27. In the cases last cited it was expressly held that the rule giving to the owner of the soil the right of surface support had no application in a case in which the parties had otherwise covenanted. Like any other right, the owner of the surface may waive the right of surface support by his deed or covenant. It is therefore just as well settled that a surface owner may part with his right of surface support by a covenant to do so, as it is that the servitude of support is imposed upon the subjacent estate. The important question in cases of this character is whether the surface owner by express words or by necessary implication has waived the right of surface support. The intention of the parties must and should govern. It is true the intention must be gathered from the language used in the conveyance and not from evidence aliunde. This brings us to a consideration of the exact question raised by this appeal. Did the grantor either by express language or by necessary implication waive the right of surface support? The deed conveyed all the coal underlying the tract in question. There was an entire

severance and an absolute conveyance of all the coal. Following the conveyance of the coal there was a grant of mining rights and privileges in the following language: "Together with the free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining and carrying away said coal; hereby waiving all damages arising therefrom." The learned court below held that the intention of the parties, as gathered from the words of the grant, was to waive all damages arising from digging, mining and carrying away the coal, including damages to the surface. The mining privileges granted were incident to the mining and removing of all the coal underlying the tract of land, and the covenant as to damages was in these words, "hereby waiving all damages arising therefrom." If this waiver referred to damages to the land arising from the removal of all the coal, the case at bar is squarely ruled by Kellert v. Coal & Iron Company, 226 Pa. 27. In that case the covenant was: "And the said parties of the first part do hereby release all and every claim or claims for damages to the said land caused by operating or working of said mines in a proper manner." The learned court below in discussing the waiver in that case used the following language: "The manifest object of the stipulations and release in the deed of the grantors was to secure to the grantee without liability for damages on account of injury to the surface, that which had been purchased, namely, all the coal in the land; providing it was taken out in a proper manner. Without these stipulations and release the grantee could not remove any of the coal purchased, no matter how carefully and skilfully it might be done, if its presence in the ground were necessary to the support of the surface. * * * * The grantors and grantee knew this, or are presumed to have known it, and it must be assumed that they made their contract with reference to the law applicable to such transac-

tions." That case was put squarely upon the manifest intention of the parties gathered from the language of the waiver and the nature of the transaction. On appeal, this court affirmed the judgment on the opinion of the court below. The reason given by the lower court in that case was approved here and judgment was accordingly entered. In that case as in this the waiver of damages related to the land not included in the grant of the coal. The waiver of damages in the present case is as broad and comprehensive as in the case just cited, and a reversal in the present case would in effect overrule that case. Both cases depend upon the intention of the parties relating to the waiver of damages, and we think the rule in one case governs in the other. In the present case we do not doubt that the words "waiving all damages" were intended to include such injuries to the land as resulted from mining and removing all the coal. The grantor conveyed all the coal and no doubt intended to release all damages occasioned by the removal of it. As we have hereinbefore pointed out the release of damages in the present case related to the injuries resulting to the land by the removal of the coal, just as the waiver in the Kellert case above cited had reference to the land there in question.

Decree affirmed at the cost of the appellant.