## Robinson *v.* Boynton Coal Company, Appellant.

*Mines and mining—Deed—Separation of minerals from surface—Surface support.*

1. A surface owner who owns the surface with right of support may convey the surface without the right of support.

2. Where a surface owner with right of support conveys the land reserving all the minerals thereunder "without any recourse for damages by the owner of said surface," the words "without recourse" are to be construed as meaning that the grantee shall not look to, or seek redress from his grantor, if damages are done. Such a deed does not relieve the owner of the mineral from maintaining the surface support.

ORLADY, HEAD and PORTER, JJ., dissent.

Argued May 4, 1914.   Appeal, No. 60, April T., 1914, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1912, No. 294, on verdict for plaintiff in case of Elizabeth Robinson v. Boynton Coal Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART, and TREXLER, JJ.   Affirmed.

Trespass for injuries to surface.   Before RUPPEL, P. J.

The court charged in part as follows:

The plaintiff, Mrs. Robinson, brought this suit to recover damages to her property, and she alleges that this defendant company mined and took away some coal from under the surface of her little lot of ground over in Elk Lick township, and thereby caused the surface to break and subside and cave in, and that that did damage to her property, and that is one of her claims for damages.   The other is, she claims that she had the right to the use of the water of a spring on adjoining property formerly owned by Mrs. Mull, and that by mining and removing the coal from under that property that spring was destroyed, and that is another claim for damage in this case.   It seems that this farm, a large farm of which this property in dispute is a part,

at one time belonged to one, Wm. Flickinger. Now a good many years ago Wm. Flickinger sold to Judge W. J. Baer the entire farm. W. J. Baer sold the surface to David Hay, but retained the coal and minerals. That caused a severance of the minerals from the surface in the title of this property and henceforth there became two owners, one owner to the surface and one owner to the mineral. The surface owner had the superior right, and while the owner of the minerals had the right to take out the coal under the deed in the case, but whoever took out the coal by virtue of the title to the coal was bound to leave sufficient support of the surface. David Hay's heirs conveyed this surface, just as David Hay was getting it, to Wm. H. Hay. Wm. H. Hay sold a few acres to Mrs. Mull, something over five acres. Mrs. Mull afterwards sold sixty-one perches of this, with a house thereon which had been erected I believe by her son, to the plaintiff, Mrs. Robinson. Mrs. Robinson therefore became the owner of the surface subject to the rights and privileges of the owners of the coal. Now the coal was transferred by W. J. Baer to one corporation and then to another by some sheriff's sales, etc., and finally became vested in H. C. Shaw. He became the owner of the coal under the five acres and under the sixty-one perches, and under some adjoining lands, and he acquired by virtue of these conveyances from the coal companies all the rights that W. J. Baer retained or reserved when the severance was made between the surface and the coal. H. C. Shaw also bought from Mrs. Mull, after she had sold off this sixty-one perches, the remainder of this five acres and some perches, and whatever rights H. C. Shaw had under both conveyance of coal and surface became vested in the defendant, the Boynton Coal Company.

[The deed from Mrs. Mull to Mrs. Robinson contains a couple of clauses that are somewhat ambiguous. After speaking of the reservation of the minerals, which seems to be almost precisely in the words of the reservation

178   ROBINSON *v.* BOYNTON COAL CO., Appellant.

Charge of Court below—Opinion of the Court.   [58 Pa. Superior Ct.

in the original grant when the severance was made, there is this clause: "Without any recourse for damages by the owner of said surface." Squire Hay, who wrote this deed, has been called to explain that, and he says that Mrs. Mull was fearful that by reason of the mining of the coal some damage would be done to the surface and that this plaintiff, Mrs. Robinson, would probably try to fall back on her for damages and that this clause was put in for that purpose.] [3] . . . .

[Now, in mining this coal it was the duty as I said before of the mine operator to leave coal enough standing to support the surface. They had a right to take out all the coal if they would do so and leave the surface up, but they had no right to remove the pillars in that mine and remove the coal in such a way as to cause the surface to subside, and if they did they are liable in damages.] [4]

Verdict for plaintiff for $359, upon which judgment was entered for $225, all above that amount having been remitted. Defendant appealed.

*Errors assigned* among others were (3, 4) above instructions, quoting them.

*Ernest O. Kooser,* with him *Edmund E. Kiernan* and *Francis J. Kooser,* for appellant.—The words of the clause under consideration created a diminution of the surface estate. When Margaret Mull owned the surface she had the right to surface support. But she never gave that right to Elizabeth Robinson. She distinctly and expressly reserved it: Kellert v. Rochester, etc., Iron Co., 226 Pa. 27; Graff Furance Co. v. Scranton Coal Co., 244 Pa. 592.

*Valentine Hay,* with him *A. L. G. Hay,* for appellee.

OPINION BY TREXLER, J., July 15, 1914:

Margaret Mull conveyed to Elizabeth Robinson the

surface soil of a certain tract of land. The deed contained the following clause: "reserving all the coal, limestone, iron ore, fire clay, coal oil, gas and any and all other minerals and mineral substances, whether solid or liquid, lying and being in, upon or under the surface soil of said land, with the right and privilege of entering upon said land at any time for the purpose of prospecting, mining, excavating and removing by the most convenient method, any and all of said minerals and mineral substances, solid or liquid, without any recourse for damages by the owner of said surface."

The predecessor in title of the grantor had severed the minerals from the surface as long ago as 1867 by selling the surface soil, carrying with it the right of support.

Under the words contained in the deed, "without any recourse for damages by the owner of said surface," is the owner of the surface without remedy against the Boynton Coal Co. for damages which it, as the owner of the minerals, has caused to the surface through its mining operations?

The words we are considering admit of two constructions. They may be considered either, (1) as expressly excluding the right of surface support to the grantee of the surface as against the owner of the minerals and thereby relieving the owner of the minerals from any obligation or duty to protect the surface, or (2) as indicating that no liability shall attach to the grantor by reason of any damages done to the surface by the owner of the underlying minerals in the mining of the same.

The grantor of the surface, although she had already parted with the minerals and retained the surface with a right of support, could convey the surface soil without a right of support. This has been decided in the recent case of Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 598. It was there held that, "the right of support was not the surface, nor in conveying the right would

the surface pass to the grantee." The grantor, "by a proper exception in the deed could have waived her right to surface support in favor of the coal grantee without the latter by the same grant taking the surface."

Considering then that Margaret Mull could have conveyed the surface without the right of support, and that such withholding of the right of support would prevent. recovery for damages inflicted by the coal owner although not a party to the deed, the question remains whether, in the deed before us, the words quoted deprive the grantee of damages for injury to the surface by destruction of the natural support?

In construing a deed we may assume that ordinarily and without express words to the contrary the instrument concerns the parties to it and that reservations and restrictions are usually for the benefit of the grantor, when they have not already been imposed by the predecessor in title. In other words, Margaret Mull, when she put in the words, "without any recourse for damages by the owner of said surface," may be presumed, unless the words express the contrary intention, to have been concerned about her own good rather than that of the Boynton Coal Co.

If we hold that the above words release the coal company from all duty of support, it benefits only the coal company. For although under the above decision the right of support may be a thing apart from the surface, still there certainly could be no recovery by Margaret Mull for damages to the surface of which she no longer holds title. The deed being a grant of surface, the deprivation of support would be in derogation of the grant, and in the choice between the two constructions we should choose the one most favorable to the grantee. It must be found, in order to sustain the defendant's position, that the express words of the deed or the necessary implication flowing from it lead to the conclusion that the grantor excluded the right of support from the conveyance of the surface. The intention to do this

must be manifest.  This we think is the law, as declared in a number of cases, the most recent being: Dignan v. Altoona Coal and Coke Co., 222 Pa. 390; Kellert v. Rochester, etc., Coal and Iron Co., 226 Pa. 27; and Stilley v. Pittsburg-Buffalo Co., 234 Pa. 492.

As we view it the intention of the grantor was that the grantor should not have recourse to her for any invasion of the surface by those mining under it.  The words, "without recourse" have no fixed legal significance: Koch v. Hinkle, 35 Pa. Superior Ct. 421.  Nor will it be profitable to endeavor to obtain some definition which will fit the case.  The difficulty does not arise from the use of the words "without recourse," but in their application.  Without recourse to whom? There is no manifest intention to apply them to the coal company which is not a party to the deed and is not mentioned therein.  The presumption certainly is to the contrary.  The grantor was reserving all the minerals which by the act of her predecessor in title had passed long ago.  Evidently her thought was that in reserving something of which she had no title she did not wish to assume any responsibility as to it and that her reserving the minerals should not render her liable for any damages done by those who actually owned the minerals.  We incline to this view rather than to a construction that would be an impairment of the grant and would deprive the grantee of any lasting benefit by reason of the conveyance; would confer immunity on one not a party to the deed and without consideration would relieve it of the duty which, as stated above, the courts have held is absolute and cannot be taken away except by express words or clear implication.  In coming to this conclusion we are not failing to recognize the decision in Graff Furnace Co. v. Scranton Coal Co., above quoted.  Reference to that case will show that apt words were used to express the intention of the grantor, and the reference to the persons to be benefited was in unmistakable terms, viz.: "and to all parties

who may have derived title to said coal and other minerals from said party of the first part."

It is contended that to construe the deed in the manner indicated is to render the clause meaningless. We do not think so. It may show a mistaken view on the part of the grantor in regard to her legal position and undue caution as to her liability in the premises under the warranty contained in her deed, but if we are to be hypercritical we might urge the same objection against the whole clause. For if we are to take the word, "reserving" in its technical sense the grantor was reserving something which she was not possessed of, and something which she could not reserve. For a reservation is the creating or reserving some new thing by the grantor to himself out of what he had before granted (in the deed). That part of a deed or instrument which reserves a thing not in esse at the time of the grant: Bouvier's Law Dictionary, "Reservation." To make a reddendum good if it be of anything created by the deed, the reservation must be to the grantors or some one of them and not to a stranger to the deed: Blackstone's Commentaries, Book II, 229. But we do not deem it profitable to further pursue this line of argument.

We think the case can well be decided upon the principle that the coal company must show that the duty of absolute support of the surface no longer devolves upon it. It must show clearly and manifestly that it is relieved from this duty by the language of the grant. This we think it cannot do. Having come to this conclusion from the instrument itself, we need not discuss the propriety of the introduction of parol testimony to ascertain the intention of the parties.

Judgment affirmed.

ORLADY, HEAD and PORTER, JJ., dissent.