# Gordon, Appellant, *v.* Delaware, Lackawanna and Western Railroad Company (No. 1).

*Deeds—Conveyances of surface—Waiver of surface support — Legality—Equity—Injunction.*

1. Where in a conveyance of land the grantor reserves the coal and minerals beneath the surface together with the right to mine and remove the coal and minerals without incurring any liability for injury caused or damage done to the surface or to the buildings and improvements thereon, the reservation is not as broad as the grant and is not illegal.

2. The right of surface support can be waived by an implied as well as by an express covenant, and it is so implied by the acceptance of a grant of the surface of mineral lands offered upon terms unmistakably intended to extinguish the right of surface support; such waiver of surface support does not violate the statute of frauds, although not evidenced by a writing signed by the grantee.

3. A bill in equity to restrain a mining company from mining under plaintiff's lot without providing surface support is properly dismissed, where it appears that in the deed separating the surface from the minerals made by a grantor under whom both plaintiff and defendant claimed, the right of surface support had been waived.

Argued Feb. 24, 1916.   Appeal, No. 6, Jan. T., 1916, by plaintiff, from decree of C. P. Lackawanna Co., Jan. T., 1916, No. 7, in equity, refusing an injunction, in case of A. A. Gordon v. Delaware, Lackawanna and Western Railroad Company.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.   Affirmed.

Bill in equity for an injunction.

The facts appear in the following opinion of NEWCOMB, J., sur demurrer to plaintiff's bill:

The principal relief prayed for is injunction to restrain defendant from mining out its coal beneath plaintiff's lot.   The suit arises out of a case of divided ownership as between the surface and the underlying mineral estate.   The Pawnee Coal Company is the common source of the respective titles.   Severance took place in 1869 by means of its grant to Hugh Gordon of a town lot on Stone avenue in this city known and numbered on the grantor's tract as Lot No. 6 in Block 34, being 40 feet in front on the avenue by 140 feet deep, "excepting and reserving, however, to the said company their successors and assigns all coal and minerals beneath the surface of and belonging to said lot, with the sole right and privilege to mine and remove the same by any subterranean process incident to the business of mining without thereby incurring in any event whatsoever any liability for injury caused or damage done to the surface of said lot or to the buildings or improvements which now are or hereafter may be put thereon: Provided that no mine or air shaft shall be intentionally opened or any mining fixture established on the surface of said premises."

The estate and rights so excepted and reserved afterwards became vested in defendant in fee, and later the plaintiff succeeded to the Gordon title by formal conveyance expressly subject to the exception and reservation as set out in his deed, which was duly recited together with its place on record in the proper office of Luzerne

County. There is no dispute, in other words, that the respective rights and liabilities of the parties in the subject-matter are to be determined by the effect of that initial conveyance. There is no allegation of unusual, unskilful or negligent mining. Hence, if that form of conveyance be sufficient to effect a severance and to extinguish the right of vertical support, then, it is conceded, plaintiff has no case. No doubt that is its prima facie effect; but the learned counsel seeks to avoid it on the ground (1) that treated as a reservation it was illegal because as broad as the grant; (2) as a waiver of support, it was void as against the statute of frauds for want of the execution of any writing on the part of the grantee.

We are unable to adopt such theory. It is believed the case is identical in character with Kirwin v. R. R. Co., 249 Pa. 98. That such reservation is not as broad as the grant is self-evident. It is familiar knowledge that the right of surface support can be waived by an implied as well as an express covenant, and it is so implied by the acceptance of a grant offered upon terms unmistakably intended to extinguish the right.

Defendant demurred to the bill. The court sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was in dismissing the bill.

*Thomas P. Duffy,* for appellant.

*Everett Warren,* with him *J. H. Oliver* and *D. R. Reese,* for appellee.

PER CURIAM, March 20, 1916:

This decree is affirmed on the opinion of the learned chancellor below dismissing plaintiff's bill. He properly regarded Kirwin v. R. R. Co., 249 Pa. 98, as a controlling authority for his action.

Decree affirmed at appellant's costs.