## Weakland, Appellant, *v.* Cymbria Coal Company.

*Mines and mining—Conveyance of coal—Surface support—Construction of deed.*

A grantee of coal underlying the surface incurs no liability for injury to the surface by mining operations where the grant provides that he shall have a right to enter upon the land and to mine

and remove the coal without any liability for damages arising or resulting from the exercise of such rights and privileges.

Argued Oct. 1, 1918. Appeal, No. 39, Oct. T., 1918, by plaintiff, from order of C. P. Cambria Co., June T., 1916, No. 130, refusing to take off nonsuit, in case of William J. Weakland v. Cymbria Coal Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for injuries to the surface of coal land caused by defendant's mining operations.

Motion to take off compulsory nonsuit. Before O'CONNOR, J.

From the record, it appeared that the defendant was the owner of coal underlying plaintiff's land under a lease which provided, inter alia, that defendant should have "exclusive privilege, right and liberty of entering at will upon any and all parts of said land and searching for, quarrying, mining, raising, delivering, taking and carrying away said coal, etc.,......"

"As well as of doing all other acts and things concerning the mining, quarrying, working or removing at any and all times hereafter of said coal, and appertaining to the manufacture of said coke and the products thereof on, from and under any and all parts of said land by the said party of the second part, its successors and assigns, or by its servants, employees or lessees as fully as if they were the actual owners of the hereinbefore described land, and all of the said rights, liberties and privileges to be used and exercised without any liability for damages arising or resulting from the use and exercise of the same as aforesaid, and possession is hereby given to the party of the second part, its successors and assigns forever, for the purposes above mentioned."

By reason of defendant's mining operations, injury was caused to the surface of plaintiff's land.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off nonsuit.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellant.

*John E. Evans,* with him *Charles S. Evans,* for appellee.

PER CURIAM, October 23, 1918:

The grant under which the defendant company acquired title to the coal underlying the surface owned by the appellant, indicates in clearest terms the intention of the grantor that it should not be liable for damages for failure to support the surface, and, as the appellant acquired title subject to the grant to the appellee, the nonsuit was properly entered: Miles v. Pennsylvania Coal Company, 217 Pa. 449; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492.

Judgment affirmed.