## Charnetski, Admr., Appellant, v. Miners Mills Coal Mining Co.

*Mines and mining—Surface support—Separate titles—Coal—Surface—Support.*

1. In a coal mining region there may be three estates in land, namely, coal, surface and right of support, so that one person may

own the coal, another the surface, and the third the right of support.

2. In absence of express waiver or the use of words from which the intention to waive impliedly appears, the grantee of minerals takes the estate subject to the burden of surface support.

3. If in such case, the owner of the surface or his successor in title conveys the title without the right of such support, and also as owner of the minerals by conveyance from previous owners, conveys to another the minerals with the duty to support, the subsequent owner of the surface cannot recover damages from the subsequent owner of the minerals for injuries resulting from failure to support.

Argued April 12, 1921. Appeal, No. 427, Jan. T., 1921, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1916, No. 761, on verdict for defendant, in case of Charles Charnetski, administrator of estate of Paulina Charnetski, v. Miners Mills Coal Mining Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for injuries to land resulting from withdrawal of vertical support. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was instruction, quoting it.

John McGahren, with him R. B. Alexander and Geo. J. Llewellyn, for appellant.—A reservation or exception in favor of a stranger to a conveyance is void or inoperative: Pearson v. Hartman, 100 Pa. 84.

A wrongdoer without title cannot, as against one in the peaceable possession of land, justify or protect his trespass by the outstanding title of a stranger.

Mere possession is in itself a form of title, and he who interferes therewith must be prepared to show a better title: O'Mensetter v. Kemper, 6 Pa. Superior Ct. 309.

He may not rely on the plaintiff's want of title: Townsend v. Kerns, 2 Watts 180.

Mere possession is a sufficient prima facie title for plaintiff: Fisher v. Morris, 5 Wharton 358; Stambaugh v. Hollabaugh, 10 S. & R. 357.

*B. R. Jones*, for appellee, cited: Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492; Lenox Coal Co. v. Coal Co., 265 Pa. 572; Penman v. Jones, 256 Pa. 416; Graff Furnace Co. v. Coal Co., 244 Pa. 592; Robinson v. Coal Co., 58 Pa. Superior Ct. 176; Kirwin v. R. R., 249 Pa. 98.

OPINION BY MR. JUSTICE FRAZER, May 9, 1921:

Plaintiff, as administrator of the estate of Paulina Charnetski, deceased, who owned a lot of ground in Luzerne County on which was erected a hotel and other buildings, sued to recover damages for injury to the premises, resulting from the withdrawal by defendant of vertical support in mining the underlying coal. Defendant denied, inter alia, that plaintiff's decedent had the right of support, averring such right had been waived by her predecessors in title. At the trial plaintiff offered in evidence all deeds in the line of title of both surface and minerals from the time the latter was severed and, on the evidence thus produced, the trial judge instructed the jury to return a verdict for defendant. From judgment entered plaintiff appealed.

The documentary evidence offered established that Thomas Stocker conveyed the surface to John Edward Goss in 1876, reserving the minerals, together with the "unqualified right to mine out and take out the whole of the same without opening for and transporting on and over the surface of said piece or parcel of land."

Under the decisions of this court the above conveyance carried the right of surface support. "The law is firmly established in Pennsylvania that, in the absence of express waiver or the use of words from which the intention to waive clearly appears, the grantee of minerals

takes the estate subject to the burden of surface support": Penman v. Jones, 256 Pa. 416, 422.

It appears that in 1886, by virtue of a sheriff's deed, the interest of Goss was conveyed to Charles A. Miner and Isaac M. Thomas. Thomas later conveyed his interest to Miner, who, in 1893, conveyed to John J. Curry, reserving all the minerals with the unqualified right to mine or remove the whole or any part thereof "without any liability in any event whatever on the part of the vendors, their heirs, executors, administrators or assigns, or on the part of the owner or lessee of said coal and minerals, their heirs, executors, administrators or assigns, for any damage done to the surface of said lot or to the improvements thereon by reason of such mining and removing, or by reason of the mining and removing of any adjoining coal and minerals, the same being the property of the vendors herein, their lessees, heirs and assigns, it being understood that adequate and full compensation for any damage which will or may accrue to said surface has been liquidated and allowed in arriving at the consideration or purchase money aforesaid, and any right of action for any damage as aforesaid has been extinguished." By subsequent conveyance the interest of Curry became vested in plaintiff's decedent "subject to all the conditions and reservations in previous deeds contained, conveying the same land."

The minerals were conveyed to defendant in part by deed in 1906 and in part by lease in 1905 from Stocker's heirs, granting the right "to mine with prudence, skill and care......all the coal......but shall leave adequate and sufficient pillars to support the houses now erected upon said surface, and the said party of the second part shall be liable for any loss or damage that shall result or accrue to said parties of the first part for its failure to leave sufficient pillars to support the said houses." It thus appears that while Miner acquired the surface from Goss in 1886 with the right of surface sup-

port, he conveyed it to Curry without the right of such support and conveyed the minerals with the duty of support; and the question which now arises is whether plaintiff, being without the right of support, can claim damages from defendant for withdrawal of support.

The principles here involved are covered by the cases of Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, and Penman v. Jones, 256 Pa. 416, both of which recognize that three estates may exist in land, the surface, the coal and the right of support, and that each of these may be vested in different persons at the same time. In the former case the owner of land sold the coal reserving the right of support of the surface and subsequently sold the surface without liability for its support by reason of the removal of the minerals, thus retaining in himself the right of support only. The title to the surface afterward became vested in plaintiff who, by proceedings in equity, sought to restrain the owner of the coal from interfering with the support of the surface. The bill was dismissed on the ground that as plaintiff did not possess the right of support he was not in position to maintain an action. In affirming the court below this court said (page 597-8) : "It is wholly immaterial whether the common grantor of the parties holding respectively the surface and the coal still retained the right of surface support or whether it had passed to the owner of the coal. The important fact is that it never passed to the plaintiff nor its predecessors in title........If, therefore, the plaintiff is permitted to avail itself of the right of surface support it is without having acquired such right from the only party who could grant it and in denial of the express language of its deed which clearly reserved the right to the grantor. It would defeat the intention of both parties as clearly expressed in their contract......Whether it had already conveyed the right to the owners of the coal or anticipated doing so, or did not convey for some other purposes, is wholly immaterial. It was the owner and could dispose of the

right as it saw proper." And again on page 599: "It may be conceded that the surface support is a valuable right and that the plaintiff company will not possess it under our conclusion as to its rights in the surface, but that is not sufficient to warrant the court in giving the right to the plaintiff company when neither it nor its predecessors in title show any title to the right by the contracts under which they acquired the surface. They took title to the surface with full knowledge that they were not obtaining support for it from the mineral estate, and as they never had the right they cannot lose it."

Plaintiff argues that the present case is controlled by Robinson v. Boynton Coal Co., 58 Pa. Superior Ct. 176, where the owner of land conveyed the surface owned by him, together with the right of support, and afterwards sold the coal and the purchaser of the surface then sold the surface by deed containing a reservation of the coal "with the right and privilege of mining, etc., without any recourse for damages by the owner of said surface." It was held that this did not waive the right of support for the reason that the clause was not susceptible of being unequivocally construed in favor of the coal owner against the right of support. The provision in the deed in that case is clearly distinguishable from the provisions in the present deed, where the right to mine without injury to surface is clearly and specifically reserved. Consequently, plaintiff, on his own evidence, showed he was without right to have the surface supported and binding instructions in favor of defendant were proper.

Plaintiff argues that a wrongdoer without title cannot, as against one in possession of land, justify or protect his trespass by showing an outstanding title in a stranger. This is undoubtedly the law but it does not apply to the facts in this case. The argument begs the question by assuming that deceased was in possession of the estate here in question, to wit, the right of support. Plaintiff's own proof showed she was not, in fact, possessed of that right but merely in possession of the surface with-

out the right of support. As the right of support alone
was disturbed by defendant, plaintiff is without stand-
ing in this proceeding.

The judgment is affirmed.