# Householder *v.* Quemahoning Coal Co., Appellant.

*Mines and mining—Surface support—Release—Damages—Covenants—Injury to water supply—Drilling well for water—Care of well—Negligence—Evidence—Presumption—Equity maxim — Sic utere tuo.*

1. The owner of an entire estate may, in conveying, relieve the owner of the mineral estate from the duty to support the surface and from liability for any injury or damages by mining and removing coal.

2. Where in such case the grantee simply removes coal, it is not improper mining; even if such removal is negligently done, there can be no recovery.

3. Where a conveyance of coal provides that if the removal of the coal destroys a water supply of a building on the surface, the grantee shall bore a well and case it to a certain depth, and it appears that the successor in title to the grantee drilled and cased a well, and that thereafter the casings were broken and destroyed in mining operations to the destruction of the water supply, the

court, in an action against the owner of the coal for damages, commits reversible error if it charges that defendant was required to refrain from all acts which would interfere with, injure or destroy the well.

4. In such case, defendant owes the owner of the surface only the duty of refraining from negligent acts, which might injure the well.

5. The maxim that one must so use his own property as not to injure another has reference not to the mere infliction of damage but to the violation of a right and means only that one must so use his own as not to violate a legal right of another.

6. Where coal is being mined solely by one person from underlying strata owned by him, the presumption is, when the coal is removed, the owner removes it, although done by his employees; and if there is evidence, such as breaking, subsidence and other conditions, to indicate that coal was being removed, there is a sufficient connection between defendant and acts resulting in an injury to the surface from the mining of the coal.

Pa. Cent. Brewing Co. v. Lehigh Valley Coal Co., 250 Pa. 300, distinguished and explained.

Sanderson v. Coal Co., 86 Pa. 401, 102 Pa. 370, commented on.

Argued September 28, 1921. Appeal, No. 106, Oct. T., 1921, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1920, No. 187, on verdict for plaintiff, in case of Harry M. Householder v. Quemahoning Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for injuries to water supply from mining operations. Before BERKEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,725.78. Defendant appealed.

*Errors assigned,* among others, were various instructions, sufficiently appearing by the opinion of the Supreme Court, quoting record.

*Francis J. Kooser,* with him *Ernest O. Kooser* and *Norman T. Boose,* for appellant, cited: Atherton v. Coal

Co., 267 Pa. 425; Pa. Cent. Brewing Co. v. Coal Co., 250 Pa. 300; Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; Kirwin v. R. R., 249 Pa. 98.

*Clarence L. Shaver*, with him *Charles F. Uhl* and *Charles H. Ealy*, for appellee, cited: Devlin v. Light Co., 198 Pa. 583; Simons v. Ry., 254 Pa. 507.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Plaintiff owned seven acres of surface, the coal under it being owned by defendant. The titles were subject to the following covenants: The owner of the surface released "all claims for damages for injury to the...... land, or to any waters,......caused......by the exercise of any of the rights and privileges hereby granted. Provided that......lands permanently injured by caving in......shall be paid for at double the present assessed valuation." "Provided also that if the removal of the coal destroys the water at the building on said premises, then the parties operating said mines are to bore a well and case it to the depth of thirty feet below the lowest coal seam mined."

Defendants interfered with the water in mining the solid coal, and then drilled a well to a point thirty feet below the lower seam; later, however, in moving the pillars left standing for the well's support, the casings were broken or destroyed and it was impossible to secure water. These are substantially the averments in the statement and the undisputed facts.

Where there has been a severance of the mineral rights from surface rights, the owner of the mineral estate, in the absence of a contract to the contrary, owes a duty to support the overlying surface. This naturally follows from the location of the two estates. But it is equally true the owner of the entire estate may, in conveying, relieve the owner of the mineral estate from the duty to support the surface and from liability for any injury or damage by mining and removing the coal. In

each case the relative rights of the owners have been settled by many of the decisions of this court: Miles v. Coal Co., 217 Pa. 449, 451; Stilley v. Pgh.-Buffalo Co., 234 Pa. 492, 496; Graff F. Co. v. Scranton Coal Co., 244 Pa. 592, 596; Weakland v. Cymbria Coal Co., 262 Pa. 403, 405; Atherton v. Clearview Coal Co., 267 Pa. 425, 432. These cases hold that, where the grantee simply removes the coal, it is not improper mining; even if such removal is negligently done, there can be no recovery: Atherton v. Clearview Coal Co., supra.

The release covered any damage from the loss of water, and, if nothing further appeared, plaintiff could not recover; the subsequent clause as quoted had the effect of excepting the water at the buildings from the release. If it was "destroyed," a well was to be bored and cased to a depth of thirty feet below the lowest seam. It was clearly the intention of the parties to preserve a supply of water at the plaintiff's buildings, or the means to procure it if it was below the lower seam. The release in question did not cover an injury to the well after it was constructed, for it would be a useless thing to effect such an arrangement if the owner of the coal had the right, through negligent mining, to immediately thereafter destroy it without any liability. The owner of the coal owed the surface owner the same duty with regard to the pipe and the way covered by it as though it were, by contract, laid on surface land owned by defendant; that is, to refrain from any negligent act which would interfere with the proper exercise of the surface owner's right, or that would, through lack of reasonable care, injuriously affect his pipe-line.

The court below charged the jury "that after the well was drilled, cased and tubing put in to use by the plaintiff, under the law the defendant was required to refrain from all acts or things which would interfere with, injure or destroy the well and casing or render the water in the well inaccessible to the plaintiff," and declined to charge the jury that "if they found from the evidence

that the defendant did not interfere with or destroy the pillar of coal through which said well was drilled by some careless or negligent act, then defendant cannot be held liable in damages." In the opinion, refusing the motion for judgment and new trial, the court reiterated its position by holding "that if the defendant for any reason whatever made such use of his pioperty as to materially interfere with the privilege to which the owner of the reservation-easement was entitled, that such use of its property was unlawful." This has the effect of making the subservient owner, or even an innocent person, situated as defendant was, liable as an insurer, and fixes an arbitrary and absolute rule of responsibility; in principle, this bears a very close resemblance to that in Rylands v. Fletcher, L. R. 3 H. L. 330; but this doctrine does not prevail in Pennsylvania,—the Sanderson Case cannot be carried to this extent.

Defendant, as owner of the coal, had the right to remove it, but, as the mining near the pipe was attended with the risk of damaging a neighbor's property, appellant is answerable for such conduct, as its diligence is proportioned to the apparent risk; so, if defendant failed to exercise due care in removing the coal and.damage results, the failure would be actionable negligence. Suppose the pipe-line had leaked, permitting an accumulation of water sufficient to destroy defendant's electric motor or other mine machine. What would be the rule as to plaintiff's conduct? We find it expressed in the following cases, and the converse must apply to defendant: Briegel v. Phila., 135 Pa. 451; Kibele v. Phila., 105 Pa. 41; Koelsch v. Phila. Co., 152 Pa. 355; Rumsey v. Phila., 171 Pa. 63; Heh v. Consolidated Gas Co., 201 Pa. 443; Hartman v. Citizens Natural Gas Co., 210 Pa. 19, 21; Zimmer v. Phila., 57 Pa. Superior Ct. 20, 21. There may be authorities apparently to the contrary, but when examined carefully we find them to be cases of nuisances. The principle has recently been stated by this court in Jackman v. Rosenbaum Co., 263 Pa. 158,

170: "No cause of action arises from the doing of a lawful act or the exercise of a legal right, if done or exercised in a lawful and proper manner, the resulting damage, if any, being damnum absque injuria. A liability may, however, arise from the doing of a lawful act, or the exercise of a legal right, in negligent or improper manner; but in such cases the liability is based not upon the act done, but upon the manner of doing it. While there is an ancient maxim to the effect that one must so use his own property as not to injure another, the maxim, in its legal sense, has reference not to the mere infliction of damage, but to the violation of a right, and means only that one must so use his own as not to violate a legal right of another. Everyone has a right to the natural use and enjoyment of his own property, and, for lawful acts done by one person upon his own property in a lawful and proper manner, there is no cause of action, although damage to another may incidentally result therefrom."

There may be cases where the evidence of negligence may be slight, as the care of the subject-matter necessitates; but here there is abundant evidence of negligence. It was not necessary for the charge to go beyond it. Where coal is being mined solely by one person from land owned by him, the presumption is, when the coal is removed, the owner removes it, though done by his employees. This would fix the person responsible for moving the coal under plaintiff's land; the other evidence, the breaking, subsidence and other conditions, indicate coal was being removed. The connection between defendant and the acts complained of was clearly shown.

Reference has been made to the case of Pa. Cent. Brewing Co. v. Lehigh Valley Coal Co., 250 Pa. 300, 304. This case was predicated on neglect by defendant, and, while the court does say the company "had no right to interfere in any way with the well or with the pipe in which the water was conveyed to the surface," it ultimately finds negligence in the manner in which the

coal was removed from around the pipe as the basis of recovery. The court was in error in charging the jury as to defendant's responsibility.

Judgment reversed with a venire facias de novo.