### William Boyer, Appellant, v. Old Ben Coal Corporation, Appellee.

1. MINES AND MINERALS—*release in mining lease of damages from subsidence.* Damages to real estate caused by subsidence resulting from the mining of coal are not recoverable where both parties acquired title from a common source and the surface owner procured title subsequent to the execution of the mining lease and subject to the terms thereof, which conveyed the minerals and the right to mine them "at such time and in such manner" as the lessee "may elect, without liability for any damage to the surface or improvements thereon arising from so doing" at any time.

2. MINES AND MINERALS—*construction of mining lease as to inter-ference with surface rights.* The provision of a mining lease releasing all damages from subsidence resulting from removal of the subsurface minerals is not limited by a subsequent provision leasing to the lessee necessary surface rights for mine structures and works but providing that such rights shall not be exercised so as to interfere with dwelling houses or other buildings or any garden inclosure on the lands, where such latter provision does not refer to any other provision of the lease and no damages are claimed for its violation.

Appeal by plaintiff from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed April 20, 1923.

W. F. SPILLER, for appellant; W. P. SEEBER, of counsel.

WILLIAM H. HART, WILLIAM W. HART and MARION M. HART, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

In an action on the case appellant sought to recover damages to his real estate caused by subsidence resulting from the mining of coal by appellee. The latter filed a plea setting up that the parties acquired title from a common source and that appellant procured his title subsequent to the execution of the lease held by appellee and subject to the terms thereof. That under the lease held by appellee it had the right to mine and remove all coal from under the premises in question. That the lease, after describing the premises, provides as follows: "Situated in the county of Franklin in the State of Illinois, together with the right to enter upon and into said premises and to dig, mine and remove said coal and other minerals or mineral substances or any part thereof, at such time and in such manner as said party of the second part may elect, without liability for any damage to the surface or improvements

thereon arising from so doing, either at the time of the taking out of said coal and other minerals or mineral substances or at any time thereafter.''

Appellant demurred to said plea and the demurrer was overruled and having elected to stand by his demurrer the court entered judgment in bar of the suit and for costs. His sole contention in this court is that the trial court erred in its ruling on the demurrer.

We are of the opinion that the damages sought to be recovered were expressly released by the provisions of the lease hereinabove quoted. Where there was a conveyance of the coal by the owner, ''with the right to mine and remove same without any liability for any injury that may result to the surface of the said premises from the mining and removal of said coal,'' it was held to bar the right to recover damages for subsidence. *Scranton v. Phillips*, 94 Pa. St. 15.

Similar language has been held to release all damages caused by subsidence in the following cases: *Godfrey v. Weyanoke Coal & Coke Co.*, 82 W. Va. 665; *Paull v. Island Coal Co.*, 44 Ind. App. 218, 88 N. E. 959; *Charnetski v. Miner's Mills Coal Min. Co.*, 270 Pa. 459, 113 Atl. 683; *Madden v. Lehigh Valley Coal Co.*, 212 Pa. 63; *Miles v. Pennsylvania Coal Co.*, 217 Pa. 449; *Stilley v. Pittsburg-Buffalo Coal Co.*, 234 Pa. 492; *Weakland v. Cymbria Coal Co.*, 262 Pa. 403.

Appellant contends that the case at bar is distinguishable from the cases cited because a subsequent paragraph of the lease contains the following proviso: ''Provided that none of the rights conveyed by this paragraph shall be exercised in such manner as to interfere with dwelling houses or other buildings or any garden enclosure on said lands.'' It will be observed, however, that said provision is limited to the rights conveyed by that particular par-

agraph of the lease and does not in any way refer to the provisions of any previous paragraph.

The paragraph containing the proviso aforesaid grants and leases so much of the land and the surface thereof as may be necessary, convenient or expedient for it to use for the proper and economical mining of said coal and other minerals, including the right to locate, sink and construct shafts therein and other necessary structures connected therewith, and the right of way for roads, railroads, etc. The proviso is not applicable to the case at bar because it does not appear that damages are claimed for a violation of that paragraph of the lease.

In our opinion the court did not err in overruling the demurrer to the plea and the judgment is affirmed.

*Affirmed.*