Charles Corcoran, Appellant, v. Franklin County Coal Company et al., Appellees.

Opinion filed June 1, 1928.

J. Roy Browning and A. D. Morgan, for appellant.

E. M. Spiller and C. E. Feirich, for appellees; Essington & McKibbin, of counsel.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant sought to recover damages to his house and lot due to subsidences, alleged to have been caused by appellees in the mining of coal. The general issue and several special pleas were filed. Demurrers to the sixth and seventh pleas were overruled and appellant electing to abide by his demurrers the suit was dismissed at his costs.

The sixth plea avers that the deed to appellant for the lot in question contained this provision: ''Reserving the coal under said lot and the right to mine same, and is not held responsible for any damages that may occur while removing said coal or after the same has been removed,'' and that by reason thereof appellant is without any lawful right to maintain his action, etc. The seventh plea is to the effect that appellant was never, at any time, possessed of any right to the support of the surface of his lot, etc. Both pleas amounted to the general issue. Such a defect can be reached by a motion to strike or by a special demurrer, but not by a general demurrer. *Wadhams v. Swan,* 109 Ill. 46–54. The point was properly raised as to the seventh plea and the court erred in overruling the demurrer thereto. The demurrer to the sixth plea was both general and special but contained no suggestion that the plea amounted to the general issue. A special demurrer that does not raise the point is as ineffective as a general demurrer.

So far as the averments of the sixth plea are concerned, appellees are total strangers to the surface and mineral estates in the land. They seek the benefit of the covenant in appellant's deed without showing that they are parties thereto or privies in respect to the contract or the mineral estate. They insist that it is not necessary for them to show that they became the owners of the coal and the right to mine the same without liability for damages to the surface. They

argue that appellant never acquired the right of surface support and that by reason thereof he cannot maintain an action for damages thereto even though such damages were caused by those who were utter strangers to any right, title or interest in the land.

Their contentions are based upon *Graff Furnace Co. v. Scranton Coal Co.*, 244 Pa. 592, 91 Atl. 508; *Charnetski v. Miner's Mills Coal Min. Co.*, 270 Pa. 459, 113 Atl. 683, and *Young v. Thompson*, 272 Pa. 360, 116 Atl. 297. Those cases hold that three estates may exist in land and be vested in different persons at the same time—the surface, the right of surface support, and the minerals. They also hold that the owner of the surface alone, without the right of support, cannot recover damages from the owner of the minerals resulting from withdrawal of vertical support in mining. As before stated, appellees do not show that they are the owners of the mineral estate in the land, and without such a showing the cases relied upon do not apply.

It is unnecessary for us to decide whether under the law of this State the right of surface support is an estate in land and may be owned by a person who has no other right, title or interest in the premises. If the deed to appellant for the lot in question contains the provision set out in the sixth plea, we are of the opinion that no one could damage his premises without liability therefor other than the grantor in his deed and those who derived title to the mineral estate from or through the said grantor.

A release from all liability for damages for injury to the surface, stipulated in a deed, runs with the land and is binding on subsequent grantees of the surface land. 40 C. J. 1198; *Graff Furnace Co. v. Scranton Coal Co.*, supra; *Gordon v. Delaware, L. & W. R. Co.*, 253 Pa. 110, 97 Atl. 1032; *Kellert v. Rochester & Pittsburgh Coal & Iron Co.*, 226 Pa. 27, 74 Atl. 789. We are not aware of any rule of law that will permit a total

stranger to any interest in land to avail himself of the benefit of a covenant running with the land.

The sixth plea purports to answer the entire declaration, but it fails to answer the counts which charge appellees with having removed the lateral support of appellant's lot and the damages caused thereby. There is no claim that appellant released the damages that might be caused by a removal of the lateral support of his lot. So far as the record shows he is entitled to lateral support and to recover such damages as were occasioned by a removal thereof. 40 C. J. 1193; *Scranton Coal Co. v. Graff Furnace Co.*, 289 Fed. 305. For the reasons aforesaid the court erred in overruling the demurrer to the sixth plea.

We have held that a grantee, who stipulates for the removal of coal without liability for damages to the surface, cannot hold the owner of the mineral estate liable for damages caused by a subsidence. *Wesley v. Chicago, Wilmington & Franklin Coal Co.*, 221 Ill. App. 427; *Boyer v. Old Ben Coal Corp.*, 229 Ill. App. 56. The Appellate Court of the third district reached the same conclusion in *Cope v. United States Fuel Co.*, 229 Ill. App. 243. If appellant's deed contains the covenant set out in the sixth plea, we are of the opinion that it is broad enough to release all damages to the surface caused by the mining of coal, in favor of the grantor and those who derived title from or through the grantor. *Stilley v. Pittsburg-Buffalo Co.*, 234 Pa. 492, 83 Atl. 478; *Weakland v. Cymbria Coal Co.*, 262 Pa. 403, 105 Atl. 558.

The judgment is reversed and the cause remanded with directions to sustain the demurrers to the sixth and seventh pleas.

*Reversed and remanded with directions.*