## Robert Jent, Appellee, v. Old Ben Coal Corporation, Appellant.

1. TRESPASS—*deeds as prima facie evidence of title.* The introduction in evidence of deeds of certain land to plaintiff is sufficient prima facie evidence of title to sustain an action for injury to the land, in the absence of any showing that the title is in anyone else.

2. MINES AND MINERALS—*competency to testify to subsidence of land from mining.* In an action for injury to land by subsidence due to mining operations, witnesses who had known the land a long time were competent to testify to the fact of subsidence without qualifying as experts.

3. TRESPASS—*when evidence as to value of property after trespass competent.* Where witnesses had testified to the fact of subsidence of land and its value before that time, a sufficient founda-

tion was laid for their testimony as to the value of the land after subsidence.

4. INSTRUCTIONS—*when oral ruling on admission of evidence not objectionable as oral instruction.* Where a lease of land was offered in evidence and objected to, a ruling of the court that it would be admitted for the purpose only of showing the right to mine the coal from the premises did not partake of the nature of an instruction to the jury which would have been objectionable because not in writing.

5. TRESPASS—*when defendant's liability governed by common-law rules.* In an action for damages for the subsidence of land due to mining operations where the lease from one other than plaintiff, under which defendant claimed exemption from damages, was executed after plaintiff acquired title to the surface of the land and the deeds conveying title to him contained no exempting provision nor was a waiver contained in any instrument executed by him, the rights of the parties must be determined by the rules of the common law.

6. MINES AND MINERALS—*right of owner of surface to support.* The owner of the surface of land is entitled to the absolute right of support from the subjacent owner, and removal of such support by mining operations, though the mining be done by the most approved system, renders the subjacent owner liable to respond in damages.

7. MINES AND MINERALS—*propriety of instruction as to effect of lease on liability for injury to land by mining.* In an action for damages from the subsidence of land due to mining operations where defendant claimed exemption under a lease given by a third party, the jury were properly instructed that plaintiff's right to recover would not be affected unless the lease was given before plaintiff acquired title or unless damages had been released by him.

8. INSTRUCTIONS—*extent to which jury may consider view of premises.* In an action for injury to land by subsidence of the surface, where the jury were allowed to view the premises, they were properly instructed that they should not consider any fact bearing on the merits of the case derived from their view of the premises and that the view was permitted only to better enable them to understand the matters in controversy and to clear up obscurities in the evidence.

9. APPEAL AND ERROR—*when refusal of instruction harmless.* In an action for damages where the finding of the jury was for a sum less than the minimum fixed by any witness, a refusal to instruct on a certain element of damage was harmless error.

10. MINES AND MINERALS—*propriety of refusal of instruction on proof of ownership of land.* In an action by the owner of the surface of land for damages by the subsidence thereof, where plaintiff

introduced deeds of the premises to himself, the court properly refused instructions that to recover plaintiff must show that he was owner at the time of the mining and subsidence; that the deeds were not sufficient evidence of title; that a deed for the surface only was insufficient; and that plaintiff must prove title from the government or a common source of title or title under some statute of limitation.

11. INSTRUCTIONS—*propriety of refusing when not based on evidence.* It is not error to refuse a requested instruction for which there is no basis in the evidence.

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 28, 1920.

WILLIAM H. HART and WILLIAM W. HART, for appellant.

W. F. SPILLER, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

The appellee, Robert Jent, recovered a judgment against the appellant, Old Ben Coal Corporation, for $800 for damages to the surface of three acres of land and the buildings thereon alleged to be owned by him.

To the declaration the appellant filed a plea of not guilty and a plea denying appellee's title to the land. At the close of the evidence offered by the appellee, the appellant entered a motion that the court instruct the jury to return a verdict finding it not guilty which was denied and was renewed by the appellant at the close of all the evidence and again denied. After the jury had returned its verdict the appellant entered a motion for a new trial which was also denied.

The grounds urged for a reversal are that the court admitted improper evidence offered by the appellee and refused to admit proper evidence offered by the appellant; that improper instructions were given at the request of the appellee; that proper instructions offered by the appellant were refused, and that the

court improperly gave an oral instruction; and that the appellee failed to prove title to the lands claimed by him.

As evidence of his title the appellee introduced a warranty deed dated October 5, 1905, for the north one-half of said lands and a deed dated December 29, 1906, to the surface of the south one-half thereof and testified he took possession of the premises in 1905 and since that time had resided thereon. No evidence was introduced by the appellant controverting this title except a deed by the appellee conveying the mineral rights in the north one-half of said land. "No effort was made to show title to the property conveyed by these deeds, in anyone else, and they were sufficient prima facie evidence of title in the plaintiff." *City of Chicago v. McGraw*, 75 Ill. 566. "A person in the actual, peaceable possession of real estate is presumed to be the owner of the fee until this presumption is rebutted." *Doty v. Burdick*, 83 Ill. 473; *McLean v. Farden*, 61 Ill. 109. The evidence on this issue brings the instant case squarely within the rules quoted and was sufficient prima facie proof of title in the appellee, and on that issue the court did not err in refusing to instruct the jury to find the appellant not guilty, and not being controverted is sufficient to sustain the verdict.

It is urged that the deeds offered, being isolated, were incompetent but the holdings of the Supreme Court quoted answer that question.

An objection is urged to the ruling of the court in permitting certain witnesses, called by the appellee, to testify. Three of these witnesses testified they had known the lands in question a long time and each was then asked if the surface had subsided and the extent thereof. The appellant objected that they were not qualified as experts. These witnesses did not testify as experts, they only stated the condition of the surface as they saw it before and after the subsidence.

Some of the witnesses were also asked to state the value of the premises after the subsidence and an objection was made that no foundation was laid for such proof. They had been asked about the subsidence and the value of the premises before it occurred and a proper foundation had been laid.

The appellant offered in evidence a lease executed March 8, 1909, from Sarah A. Martin under which the appellant removed the coal under the appellee's land. In that lease was granted the right to remove the coal and other minerals and in it was a release of damage to the surface that might be occasioned thereby. When this lease was offered in evidence the appellee objected and the court ruled that it would be admitted for the purpose only of showing the appellant had the right to mine the coal from under the appellee's premises. It is argued that thereby the court gave to the jury an instruction orally. This was a ruling of the court on the admissibility of the instrument. It did not partake of the nature of an instruction and was not so directed to the jury.

Next it is urged that under the lease mentioned the appellant had authority to remove the coal and that under the terms thereof the appellant would not be liable for damages occasioned by subsidence.

The lease in question was executed by Angeline Martin on March 8, 1909, this was long after the appellee acquired title to his land and while he was in possession and residing thereon. In the deeds to the appellee there was no provision exempting a person mining coal from liability for damages caused by subsidence nor was there such waiver in any instrument executed by the appellee, therefore, the rights of the parties must be determined under the common law as applied in the absence of a special contract.

The rule in Illinois is that the owner of the surface, "is entitled to support from the subjacent owner. This right of support is absolute and without condi-

tion, * * *. If by the removal of any of the coal or mineral under the land, though under the most approved system of mining, complainant, as the owner of the superincumbent and superior estate, is deprived of the necessary support of his land, then that moment liability to respond in damages rests on the appellee.'' *Lloyd v. Catlin Coal Co.*, 210 Ill. 460. See also *Wilms v. Jess*, 94 Ill. 464 and *Seitz v. Coal Valley Mining Co.*, 149 Ill. App. 85.

Each of the instructions, six in number, given at the request of the appellee, is criticized. It is argued that the first, second and third ignore the rights of the appellant to mine the coal under the lease held by it and that in the fifth the jury were improperly told that unless the lease was made prior to the conveyance to the appellee or that damages had been released by the appellee he would not be affected in his right to recover because of the provision of the lease. These instructions were proper under the evidence. The appellee was not bound by the act of some third person subsequent to his acquisition of title.

The second and third instructions given at the request of the appellee are also criticized because, it is said, they ignore the requirement that the appellee had to prove title before he could recover. The second fixed as a basis of recovery that the appellee prove by a preponderance of the evidence that the appellant removed the coal from under the premises of the appellee and the surface subsided and caused the damage and the third required him to prove by a preponderance of the evidence that there had been a subsidence of the surface of his premises.

During the progress of the trial, at the request of the appellant, the jury were permitted to view the premises and the court gave the appellee's fourth and sixth instructions in which the jury were told that they should not consider any fact bearing on the merits of the case derived from their view of the premises

and that they were permitted to view the premises only to better enable them to understand the matters in controversy and to clear up obscurities in the evidence. These instructions are supported in *Vane v. City of Evanston*, 150 Ill. 616 and *Equitable Powder Mfg. Co. v. Cleveland, C., C. & St. L. R. Co.*, 155 Ill. App. 271.

Appellant's first refused instruction would have informed the jury they should not take into consideration any damages to the appellee's premises resulting from digging ditches in the road in front of the premises. As there was some testimony in the record showing a ditch had been dug, it would not have been improper to give the instruction. The refusal thereof, however, was a harmless error. The witnesses called by the appellee fixed the value of the property before the subsidence at from $2,500 to $3,600 and after the subsidence at from $1,000 to $1,500. This being an instruction on the elements of damages and the jury having returned a verdict for a sum less than the minimum fixed by any witness, the appellant was not injured by the refusal.

The appellant's ninth refused instruction would have informed the jury that before the appellee could recover he must prove he was the owner of the premises at the time of the mining and subsidence, the tenth was that the two deeds were not sufficient evidence of title, and the eleventh that a deed for the surface only was not sufficient evidence of ownership and the twelfth was that the appellee must prove title from the government or a common source of title or title under some statute of limitation. The seventeenth instruction, given at the request of the appellant, informed the jury that the appellee must prove title before he could recover. What has been said in another part of this opinion as to the deeds answers the criticism of the refusal of the court to give the tenth, and the authorities cited as to the right of the owners of

the surface to subjacent support dispose of the eleventh refused instruction.

In the eighth refused instruction offered by the appellant it was sought to have the jury informed that if the lessor in the lease under which appellant operated was the owner of the premises when the lease was executed the appellee could not recover. There was no evidence in the record on which to base this proposition and the court did not err in refusing the instruction.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*