## Lewis Wesley, Appellant, v. Chicago, Wilmington and Franklin Coal Company, Incorporated, Appellee.

MINES AND MINERALS—*removal of subjacent support under reservation relieving of liability.* A provision in a deed of land with reservation of all the coal, oil and gas underlying the surface, together with the right to remove the same, whereby the grantor was relieved from all liability for injury or damage to the owner of the lot or to the surface of the lot, or to anything therein or thereon from any cause, or for surface subsidence caused by mining out the coal, oil or gas, or from not leaving pillars or artificial supports under the land, is not contrary to any general rule of public policy of the State, and one owning the surface of land under such a deed and contract cannot recover damages for injury to the property by reason of mining operations thereunder.

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 28, 1920.

W. P. SEEBER, for appellant; W. F. SPILLER, of counsel.

WILLIAMS, LEWIS & COFFEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

As the question submitted in this appeal arises upon the pleadings, it appears necessary, in order to give a clear understanding of the case, to set out the same in full. The material parts of the amended declaration filed are as follows:

Count one. "For that whereas the plaintiff on, to wit, the first day of May, A. D. 1918, was and now is the owner of the following described lot and the buildings situate thereon, and in the possession thereof, to wit: Lot No. three (3), block four (4), in Holmes' First Addition to Orient, Franklin County, Illinois, under and by virtue of a warranty deed thereto, his grantor excepting and reserving all the coal, oil and gas underlying the surface of said lot, together with the right to mine and remove them or either of them, and to manufacture the products of any, all or either of them without being liable for the injury or damage to the owner of said lot or to the surface of said lot, or to anything therein or thereon from any cause whatsoever, or for surface subsidence caused by mining out the coal, or oil or gas, or from not leaving pillars or artificial supports under said lot.

"That the defendant is the owner of the coal, oil and gas underlying said lot, and by its agents, servants and employees not regarding the rights of the plaintiff in the premises, have dug, mined and removed out of and from under and from beneath said lot, all the coal, and then and there wholly neglected, failed and refused to leave sufficient coal, pillars or

artificial supports for the surface of said lot and the buildings and appurtenances situate thereon.

"That then and there by reason of the wrongful acts of the defendant in not leaving sufficient coal, pillars or other artificial support in and under said lot the surface of said lot then and there subsided, sunk and settled, causing the buildings thereon to settle and the foundation, walls, floors and ceilings to crack, burst and wreck, then and there thereby greatly damaging the lot and the buildings situate thereon, and that said damages are permanent, both to said lot and said buildings.

"That by reason of the unlawful acts of the defendant aforesaid, the plaintiff is greatly damaged, injured, hindered and obstructed in the value, use and enjoyment of his said lot and the buildings situate thereon."

Count two. "For that, whereas, the plaintiff on, to wit, the day last aforesaid, was and now is the owner of and in the possession of lot No. three (3), block four (4), in Holmes' First Addition to Orient, Franklin County, Illinois, together with the buildings thereon, under and by virtue of a warranty deed thereto, his grantor therein excepting and reserving all the coal, oil and gas underlying the surface of said lot, together with the right to mine and remove them or either of them, and to manufacture the products of any, all or either of them without being liable for any injury or damage to the owner of said lot, or to the surface of said lot, or to anything therein or thereon from any cause whatsoever, or for surface subsidence caused by mining out the coal, or oil or gas, or from not leaving pillars or artificial supports under said lot; which reservations from damages by reason of mining and removing the coal from under said lot or to the surface thereof, or to the buildings thereon or from a surface subsidence caused from not leaving pillars or artificial supports under said lot are illegal and void.

"That the defendant is the owner of the coal, oil and gas underlying said lot, and by its agents, serv-

ants and employees not regarding the rights of the plaintiff in the premises to have sufficient pillars or artificial supports left under his said lot, have dug, mined and removed from beneath and from under his said lot all the coal, then and there wholly neglecting, failing and refusing to leave sufficient coal, pillars or artificial support for the surface of said lot and the buildings of plaintiff situate thereon.

"That then and there, by reason of the wrongful acts of the defendant in not leaving sufficient coal, pillars or other artificial supports in and under said lot, the surface thereof then and there subsided, sunk and settled, causing the buildings thereon to settle, and the foundations, walls, floors and ceilings to crack, burst and wreck, then and there and thereby damaging the lot and the buildings situate thereon, that said damages are permanent both to said lot and said buildings."

Count three. "For that, whereas, the plaintiff on the date last aforesaid was the owner of and now is the owner of and in the possession of the premises aforesaid, with the buildings thereon, and was then and there, and now is entitled to the safe, sure and undisturbed possession, use and occupancy thereof.

"That the defendant, then and there knowing the rights of the plaintiff in and to said lot and premises, wholly disregarding the rights of the plaintiff, did then and there, by its agents, servants and employees, mine, dig and remove out of and from beneath said lot all the coal underlying the surface thereof, and did then and there wrongfully and wilfully refuse, neglect and fail to leave sufficient coal, pillars or artificial support for the surface of said lot and the buildings thereon.

"That then and there, by reason of the mining out and removal of said coal, pillars and props the surface of said lot and the buildings thereon subsided, sunk and settled, said subsidence causing deep depressions in the surface of said lot and caused the foundations, walls, floors and ceilings of said buildings to crack, burst and wreck, thereby greatly damaging the

said lots and buildings, said damage being permanent.

"And the plaintiff is greatly injured and damaged thereby and hindered, obstructed and denied the quiet and safe enjoyment of his said lot and buildings."

Appellee filed its demurrer to the first two counts of the declaration and to the third count filed a plea of general issue and the following special plea:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not have or maintain his aforesaid action against the defendant, as set forth in count number three thereof, because it says that the defendant at the time of the commission of the said supposed wrong and grievances was the owner of all the coal, oil, gas and other minerals underlying said premises, together with the right to mine and remove the same without being liable for an injury or damage to the owner of the superincumbent soil for anything therein or thereon, or for surface subsidence caused by mining out said coal, oil, gas or other minerals and from not leaving sufficient pillars or artificial supports under said lot; and this defendant avers that the plaintiff herein was then and there the owner of the surface of said premises, subject to the above ownership right of the defendant in said premises, and this defendant further avers that said supposed injury and subsidence, if any was occasioned, was the result of the mining or removal of said coal from under said premises by virtue of the ownership by the defendant of said coal and the right to remove it, as above set forth."

Appellant filed his demurrer to this special plea. The court sustained the appellee's demurrer to the first and second counts of the declaration and overruled appellant's demurrer to the special plea to the third count of the declaration. Appellant elected to stand by the first and second counts of his declaration and by his demurrer to the special plea to the third count of the declaration and the court entered judgment against appellant for costs of the suit. By this appeal, appellant seeks to reverse said judgment.

The question here involved is not whether the grantee of mineral in place has the right by implication to mine such mineral without taking all due care and precaution not to injure the surface of the superincumbent soil, but is whether or not the owner of the land can lawfully grant the mineral right thereunder and by express contract exonerate his grantee from liability for an injury to the surface caused by the mining and removal of such mineral without leaving or providing sufficient support for the superincumbent soil. In this case the pleadings show such an express contract. In fact, it is said by attorneys for appellant in their argument: "We concede that no stronger terms could be, used than here used, by which liability is sought to be avoided. That if a right can be made absolute under a contract that it is here done." But it is contended by them that this express contract contained in the deed of the mineral is void, because no separate consideration therefor can be found in the contract, and because it is contrary to the public policy of this State. It appears that this exact question has never been decided by the courts of last resort in this State. It has, however, been passed upon by courts of other jurisdictions. What seems to be the leading American case on this question is *Scranton v. Phillips*, 94 Pa. St. 15. In that case, in passing upon this question, the Supreme Court of Pennsylvania said: "Thus, in clear and distinct language it was agreed the owner of the mine, his heirs and assigns, should be exempt from the very liability now attempted to be fastened on him and his assigns. We see no reason why a person shall not be bound by his agreement to exempt another from liability for damages in working a coal mine, as well as damages from liability resulting in the performance of any other kind of labor. No rule or policy of law forbids it. The undoubted intention of the parties to the contract was that Fellows might

mine and remove the coal without any obligations to support the surface or liability in case it fell.'' In the case of *Williams v. Hay*, 120 Pa. St. 485, the same court again said: ''Like any other right, the owner of the surface may part with the right to support, by his deed or covenant.'' Such seems to have been the uniform holding of the Supreme Court of Pennsylvania and the same rule of law prevails in West Virginia and has been approved in Indiana. (*Godfrey v. Weyanoke Coal & Coke Co.*, 82 W. Va. 665, 97 S. E. 186; *Paull v. Island Coal Co.*, 44 Ind. App. 218.) While, as above stated, the Supreme Court of this State has never passed directly upon this question, yet it has used language which would seem clearly to recognize the doctrine as laid down by the courts of other States. In *Wilms v. Jess*, 94 Ill. 464, that court said: ''And it is held, where a land owner sells the surface, reserving to himself the minerals with power to get them, he must, if he intends to have power to get them in a way which may destroy the surface, frame the reservation in such a way as to show clearly that he intended to have that power.'' The Appellate Court of the Second District in *Seitz v. Coal Valley Min. Co.*, 149 Ill. App. 85, said: ''An examination of the authorities, wherein the above general rule that the owner of the surface of the land is entitled to the support of the subjacent coal and minerals is laid down, will be found to strongly hold that the right of support can only be waived by express words of waiver or by necessary implication from the language used.'' In the instant case, appellee accepted a deed containing an express and full waiver of any claims for the very damages which he is attempting to recover in this case. It would seem that such contract is not contrary to any general rule of public policy of this State, and it further appears that the courts of this State have recognized the doctrine laid down by courts of other jurisdictions sus-

taining the legality of such contract. In our opinion, the ruling of the court below on the several demurrers was correct and therefore the judgment herein' will be affirmed.

<em>Affirmed.</em>