## John B. Cope and Lucinda Cope, Appellants, v. United States Fuel Company, Appellee.

1. MINES AND MINERALS—*waiver of damages from subsidence in mining conveyance.* Damages to the surface of the land from subsidence from the removal of all subsurface coal, including pillars and supports, are waived and released by the provisions of the contract conveying the coal and the right to mine the same to defendant's predecessor in title, which conveyed a specifically described vein of coal under the surface of the land in question with the right to mine and remove all of it and that the grantee "shall not be liable for any damage done to the surface of land in so doing," even though such conveyance contained no explicit permission to destroy or let down the surface in the mining operations.

2. MINES AND MINERALS—*mining of coal pursuant to grant not wilful and wanton negligence.* Grantees of a specific subsurface vein of coal with the right to remove all the coal are not guilty of wilful and wanton negligence in removing all the coal, including pillars and supports, even though subsidence of the surface with resulting damage is caused thereby; and a declaration by surface owners for damages from the subsidence which alleges that such grantees "removed all the coal under plaintiffs' lands, and in so doing negligently, wilfully, wrongfully and improperly failed to guard plaintiffs' lands against subsidence," does not state a cause of action for the commission of a wilful and wanton act.

Appeal by plaintiffs from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 23, 1923.

COLFAX T. MARTIN, for appellants.

REARICK & MEEKS and KNAPP & CAMPBELL, for appellee; JOHN R. COCHRAN, of counsel.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The appellants brought this action for damage done to the surface of land owned by them through the negligence of appellee company in removing all the coal, including pillars and supports, from under said land. The court sustained a demurrer to the declaration

and the appellants obtained leave and filed an amended declaration. To this appellee demurred and was sustained by the court. Leave to file an additional count to the amended declaration was granted and same filed and appellee demurred to this additional count, the same being sustained by the court. The appellants then elected to stand by their additional count to the amended declaration, and the court rendered judgment against the appellants for costs, from which an appeal has been taken to this court.

The count in the declaration describes the lands owned by appellants and their title and sets out a contract dated December 2, 1896, under and by the terms of which, "all that vein of coal known and designated as the 'Grape Creek' vein of coal under and beneath the surface of that part of Section 17" was conveyed by the grantors, then owners of the lands, to Michael Kelly for the consideration of $9,000. The contract describes three tracts of land and contains this clause: "The grantors hereby expressly covenant that the grantee has the right to mine and remove all of said vein of coal and that he shall not be liable for any damage done to the surface of land in so doing." The count further avers the assignment of said contract and the conveyance of said coal rights through mesne conveyances to appellee, and charges that said defendant has removed all the coal, including pillars, props and supports, from beneath the said land owned by plaintiffs.

The count further charges that said lands have been and are now used by plaintiffs for agricultural and residence purposes, and that the plaintiffs have situated thereon certain residence, barn, buildings, fruit trees, shrubs and plants, etc., and further charges that it became the duty of the defendant in mining and removing the said coal from under the plaintiffs' lands, and in conducting their mining operations, to so conduct and carry on said mining operations under the

plaintiffs' said lands in such manner as not to cause the said lands to subside or sink and in such manner as not to otherwise injure the surface thereof.

The count further charges that it became the duty of the defendant in conducting its mining operations under the plaintiffs' said lands, so to work and proceed and so to protect the plaintiffs' lands that the surface thereof would not, by reason of the mining and removing of the coal thereunder, be caused to sink and subside, and avers that the defendant negligently, wilfully, wrongfully and improperly mined and removed all the coal under the said plaintiffs' lands, and, in so doing, so negligently, wilfully, wrongfully and improperly failed to guard the plaintiffs' lands against subsidence that by reason of the removal of the coal from under the plaintiffs' lands the surface thereof on, to wit, the 16th day of March, 1920, subsided and sunk, causing water to accumulate and stand thereon and causing the residence and buildings to be destroyed, etc., and the count avers damages.

The gist of the case is a construction of the covenant included in the Lanham conveyance of the coal rights, that the grantee has the right to mine and remove all of said vein of coal and that he shall not be liable for any damage done to the surface of the land in so doing.

At the outset appellee filed a motion to dismiss the appeal and affirm the judgment, in that the final orders of the court below, after reciting that the defendant's demurrer to the additional count filed herein was sustained, then proceeds: "And thereupon plaintiffs elect to stand by their declaration and all other counts to the declaration are withdrawn." At the time this order was entered the only declaration then in the record was the amended declaration filed November 18, 1921. This declaration consisted of one count. The only other count in the record at that time was the additional count to the amended declaration. Inasmuch as counsel for appellee state in their brief at another place that there was no substantial difference

between the additional count and the declaration which is not set out in the abstract, and as it makes no difference in the final results, this court will not specially pass upon the motion to dismiss or affirm the judgment on that ground, but will pass upon the merits of the case.

In this case appellants contend that the owner of the surface of the land has the right to the natural support of that surface, regardless of the fact that the coal under the surface is owned by another, unless explicit permission is given to destroy or let down the surface of the land, and appellants contend that there is nothing in the deed through which appellee received its title to the coal under appellants' land which gave appellee the right to negligently destroy the surface of said land in removing the coal, and contend that removing all of the coal, pillars, ribs, props and support from under the surface of land, thereby destroying the surface of the land in taking out the coal, is gross negligence on the part of the appellee, and appellants contend that any deed of coal or mineral giving the grantee the right to destroy the surface of the land must specifically state that the grantee has the right to let down or destroy the upper surface.

The question of subjacent support in the separation of mineral rights from the superincumbent soil has been before our courts in a number of cases. It was held in *Wilms v. Jess*, 94 Ill. 468, that "the rule is well settled when one owning the whole fee grants the minerals, reserving the surface to himself, his grantee is entitled only to so much of the minerals as he can get without injury to the superincumbent soil," and the same rule is laid down in *Lloyd v. Catlin Coal Co.*, 210 Ill. 468, and holding that the rule is absolute.

An exhaustive analysis of the law upon that subject was made by Justice Dibell, in *Seitz v. Coal Valley Min. Co.*, 149 Ill. App. 85. The question discussed in the *Seitz* case was specifically the nature of the con-

tract to be made whereby the owner waived the right to subjacent support, and it was held at page 87 that: "An examination of the authorities, wherein the above general rule that the owner of the surface of the land is entitled to the support of the subjacent coal and minerals is laid down, will be found to strongly hold that the right of support can only be waived by express words of waiver or by necessary implication from the language used." And in quoting *Burgner v. Humphrey,* 41 Ohio St. 340, that court held that when the owner of the fee grants the minerals, reserving the surface to himself, his grantee will be entitled only to so much of the minerals as he can get without injury to the superincumbent soil, unless the language of the grant clearly imports that it was the intention of the grantor to part with the right of subjacent support; that the owner of the surface is entitled to have it supported by the underlying mineral strata; that each owner must so use his own as not to injure the property of the other; that the subjacent support must be such as will preserve the integrity of the surface, but if the soil above does not require the support of the underlying minerals they may be entirely removed.

In *Scranton v. Phillips,* 94 Pa. St. 15, the owner of the surface by contract with the owner of the coal underneath the surface bound himself to give the owner of the coal, his heirs and assigns, a full release and discharge forever from any liability for any injury that might result to the surface of the premises from the mining and removal of the coal, and it was held that the coal miner was not liable for damages, afterwards done to the surface.

In *Williams v. Hay,* 120 Pa. St. 485, the owner reserved to himself the mineral and the right to mine, upon a conveyance of the surface covenanted, and that "in mining and removing the coals, iron ore and mineral aforesaid, he should do as little damage to the surface as possible." The court held in this case that

the language of the grant implied that some damage would necessarily ensue to the surface in mining the coal. But an absolute right to surface support is not to be taken away by a mere implication from language which does not necessarily import such a result. The owner of the coal had certain surface rights which were indispensable to the carrying on of his mining operations, such as the right to go upon the surface to make explorations for the minerals beneath and bore holes, sink shafts, drifts, etc., and the right to make roads and erect structures for taking out the coal. Hence, it was held a fair construction of the deed to say that in doing these things as little damage was to be done to the surface as possible.

The doctrine of the *Lloyd* case, *supra,* and *Wilms* case, *supra,* were affirmed in *Jent v. Old Ben Coal Corporation,* 222 Ill. App. 380, as to the general right of subsequent support.

What has been said is more explanatory of the general trend of decisions upon the subject of the right of subjacent support. We do not find that the direct question involved in this case has been passed upon finally in our State. The subject was before the Appellate Court of the Fourth District recently in *Wesley v. Chicago, W. & F. Coal Co.,* 221 Ill. App. 427, and it was there held upon a review of the authorities that the right of waiver existed and that it was not against public policy for the owner of the fee to grant the surface, reserving the right to mine the coal, and in the grant reserving a release of all liability or damage by reason of any operations in taking out coal for injury to the surface, and specifically mentioning surface subsidence. The trend of authority has been to preserve the right of subjacent support, and this rule has been held to tenaciously in substantially every grant, lease or reservation unless the language of the grant specifically effected a waiver or release, and the decisions upon this question in construing grants have not been

uniform. The earlier decisions in our own State, and practically all of them, have followed and been guided by the rule laid down in Pennsylvania, with which question from a very early date and in a very general way the courts of that State have had much to do. In *Stilley v. Pittsburg-Buffalo Co.,* 234 Pa. 492, 41 L. R. A. (N. S.) 236, the highest court of Pennsylvania has laid down a general rule in construing waiver contracts or covenants, dividing them into three classes as follows: First, those relating to grants of coal without any mention of damages to the surface by mining and removing the same; second, those relating to grants of coal coupled with mining rights and the waiver of damages resulting by reason of the proper exercises of the mining privileges; and third, those cases in which the grant of the coal, together with mining rights, is followed either by an express waiver of damages to the surface resulting from the removal of the coal or by words importing such waiver. As to the third division so classified the Pennsylvania court says: "The third class of cases includes *Scranton v. Phillips,* 94 Pa. St. 15; *Madden v. Lehigh Valley Coal Co.,* 212 Pa. 63; *Miles v. Pennsylvania Coal Co.,* 217 Pa. 449, 10 Ann. Cas. 871; and *Kellert v. Rochester & P. Coal & Iron Co.,* 226 Pa. 27. In the cases last cited it was expressly held that the rule giving to the owner of the soil the right of surface support had no application in a case in which the parties had otherwise covenanted. Like any other right, the owner of the surface may waive the right of surface support by his deed or covenant. It is therefore just as well settled that a surface owner may part with his right of surface support by a covenant to do so as it is that the servitude of support is imposed upon the subjacent estate. The important question in cases of this character is whether the surface owner by express words or by necessary implication has waived the right of surface support. The intention of the parties must and should

govern. It is true the intention must be gathered from the language used in the conveyance and not from evidence *aliunde.''* In the *Stilley* case the grant of the right to take coal was made under the following covenant by the owner: ''Together with the free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining and carrying away said coal, and without liability for damages arising therefrom. Together with the privilege of mining and removing through said premises other coal now or hereafter owned by the said grantee, its successors or assigns.'' In the *Stilley* case, after setting out the facts, the court say: ''Did the grantor, either by express language or by necessary implication, waive the right of surface support? The deed conveyed all the coal underlying the tract in question. There was an entire severance and an absolute conveyance of all the coal. Following the conveyance of the coal there was a grant of mining rights and privileges in the following language:'' (The same as heretofore quoted.) ''The learned court below held that the intention of the parties as gathered from the words of the grant was to waive all damages arising from digging, mining and carrying away the coal, including damages to the surface. The mining privileges granted were incident to the mining and removing of all the coal underlying the tract of land, and the covenant as to damages was in these words: 'hereby waiving all damages arising therefrom.' If this waiver referred to damages to the land arising from the removal of all the coal, the case at bar is squarely ruled by *Kellert v. Rochester & P. Coal & Iron Co.,* 226 Pa. 27. In that case the covenant was: 'And the said parties of the first part do hereby release all and every claim or claims for damages to the said land caused by operating or working of said mines in a proper manner.' The learned court below, in discussing the waiver in that case, used the following language: 'The manifest

object of the stipulations and release in the deed of the grantors was to secure to the grantee, without liability for damages on account of injury to the surface, that which had been purchased, namely, all the coal in the land, providing it was taken out in a proper manner. Without these stipulations and release, the grantee could not remove any of the coal purchased, no matter how carefully and skillfully it might be done, if its presence in the ground were necessary to the support of the surface. * * * The grantors and grantee knew this, or are presumed to have known it, and it must be assumed that they made their contract with reference to the law applicable to such transactions.' That case was put squarely upon the manifest intention of the parties gathered from the language of the waiver and the nature of the transaction. On appeal, this court affirmed the judgment on the opinion of the court below. The reason given by the lower court in that case was approved here and judgment was accordingly entered. In that case, as in this, the waiver of damages related to the land not included in the grant of the coal. The waiver of damages in the present case is as broad and comprehensive as in the case just cited and a reversal in the present case would, in effect, overrule that case. Both cases depend upon the intention of the parties relating to the waiver of damages, and we think the rule in one case governs in the other. In the present case we do not doubt that the words 'waiving all damages' were intended to include such injuries to the land as resulted from mining and removing all the coal. The grantor conveyed all the coal, and no doubt intended to release all damages occasioned by the removal of it. As we have heretofore pointed out, the release of damages in the present case related to the injuries resulting to the land by the removal of the coal, just as the waiver in the *Kellert* case, above cited, had reference to the land there in question."

Classifying the covenant in the case at bar—"The grantors hereby expressly covenant that the grantee has the right to mine and remove all of said vein of coal and that he shall not be liable for any damage done to the surface of land in so doing"—by the rules laid down in the Pennsylvania cases, it plainly comes within the third class, and the nature and wording of the covenant is much stronger than the covenant in the *Stilley* case, which does not distinguish and mention specifically "the surface" and is a stronger case as to intention than the *Kellert* case, which merely mentioned, "all and every claim or claims for damages to the said land caused by operating or working of said mines in a proper manner," and it is the opinion of this court that the language of the covenant in the case at bar was meant by the grantors to grant the privilege of taking all the coal in the "Grape Creek vein" and that the same was meant as a release and waiver of all damages that might or could result to the surface in any manner, or as have resulted, as pointed out in the declaration.

Some point is made by appellants that the declaration charges that the defendant wilfully and wantonly mined and removed all of the coal under the said plaintiffs' lands, and that regardless of the covenant defendant would be liable for its wilful and wanton conduct. It is to be noticed that the words "wilful" and "wanton" are used in connection with the words "negligently" and "improperly," and that all such words are connected with and confined to the language, "removed all the coal under the said plaintiffs' lands, and in so doing negligently, wilfully, wrongfully and improperly failed to guard the plaintiffs' lands against subsidence." Although the words "wilful" and "wanton" are used in the count in that connection, they amount to no more than a charge of negligence, and in the act charged it is only claimed that by reason of removing all the coal under plaintiffs' lands, the act was negligent, wilful and wanton. This was strictly

according to the deed and the covenant in the deed which conveyed to the defendant all of the vein of coal known and designated as the "Grape Creek vein" and the covenant which authorized the grantee to mine and remove all of said vein, respectively, and appellee cannot be guilty of committing a wilful and wanton act in taking and recovering its property in the manner and method that the deed authorized.

In the opinion of this court, the deed and covenant effected a complete waiver of all damage that might result to the surface of said lands in mining and removing said coal, and the declaration did not state a cause of action, and the demurrer to said declaration was properly sustained by the court below and the judgment of the court below should be affirmed. The judgment of the lower court is therefore hereby affirmed.

*Affirmed.*