## Dwight Mason, Appellant, v. Peabody Coal Company, Appellee.

### Gen. No. 9,391.

Opinion filed October 25, 1943.

EDWARD E. ADAMS, of Taylorville, for appellant.

HERSHEY & BLISS, of Taylorville, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

Plaintiff is the owner of about 245 acres of farm lands in Christian county. Defendant is the owner of the coal and other mineral rights under the surface of such lands.

The complaint contained two counts. The question of the sufficiency of the second count is not before us.

The first count charged that the defendant operated a coal mine in the vicinity of the land, and in removing coal from underneath the plaintiff's premises defendant did not regard its duty to leave sufficient ribs, pillars and supports to prevent the superincumbent surface from sinking or subsiding, but failed in that regard, and so negligently conducted its mining operations as to cause a large portion of the surface to subside and be depressed below its usual and natural level. It was further alleged that as a result of such subsidence the crops, buildings, fences and other improvements on the plaintiff's land were injured, and that portions of the land were rendered less fit for farm purposes, and that the whole of plaintiff's farm was thereby depreciated in value.

The trial court sustained a motion of the defendant to dismiss the first count. Plaintiff elected to abide by such count and thereupon the trial court dismissed such count and rendered judgment thereon in favor of the defendant and against the plaintiff in bar of the action of the plaintiff on such count.

The plaintiff appeals from such judgment.

By the written motion to dismiss, and as the case is presented to us, it is admitted that on July 16, 1906, Seth Mason a widower, who was then the owner of said premises and was a predecessor in title of the plaintiff, by warranty deed, conveyed to the grantor of the defendant company all of the coal and other minerals underlying the surface of said premises,

"together with the following rights and privileges, to wit: to enter beneath the surface of said premises, and mine, dig and remove the coal and other mineral therefrom . . . hereby for himself, his heirs, legal representatives and assigns forever waiving, releasing and surrendering any and all claims for damages and all liability by reason of damages either to persons or property which may in any way be caused or occasioned at any time hereafter, directly or indirectly, by the mining or removing of coal or other minerals from said premises, or by the enjoyment of any of the rights and privileges hereby granted, and likewise hereby waiving and releasing all right of homestead in said premises."

The only question presented is whether or not the provisions of said deed constitute a full and complete bar to plaintiff's action.

It is a general rule, in the absence of a release or waiver, that the owner of the surface of land subject to a grant or conveyance of the underlying coal and mineral rights has a right to subjacent support for his land. (*Wilms v. Jess*, 94 Ill. 464.) Where there has been no release or waiver this right is absolute and does not depend upon whether the mining is done with the greatest degree of care or in accordance with the most approved system of mining. (*Lloyd v. Catlin Coal Co.*, 210 Ill. 460.)

It is also equally established that the owner of the surface may, either in the deed conveying the mineral

rights or by separate contract, agree to waive and release all damages caused by the loss of subjacent support. (*Wesley v. Chicago, W. & F. Coal Co.*, 221 Ill. App. 427; *Cope v. United States Fuel Co.*, 229 Ill. App. 243.) A waiver or release of this nature is not against public policy and will be fully enforced if the agreement is otherwise binding. (*Wesley v. Chicago, W. & F. Coal Co., supra.*) Such agreements, however, are to be strictly construed and the courts will not find that there has been a waiver or release of the right of subjacent support unless the intention to give such a waiver or release clearly appears either by express words or by necessary implication from the language used. (*Seitz v. Coal Valley Min. Co.*, 149 Ill. App. 85.)

Where no ambiguity is present in a conveyance, the intention of the grantor must be ascertained from the deed itself (*Farnam v. Thompkins*, 171 Ill. 519), and a grantor is presumed to intend what his words import. (*Duffield v. Duffield*, 268 Ill. 29.)

By the language of the deed in question the damages waived and released are "any" and "all" claims for damage and "all" liability by reason of damage either to "persons or property" in "any" way caused at "any" time "directly or indirectly" by the mining or removing of coal from plaintiff's premises or by the enjoyment of "any" of the rights and privileges granted by the deed. Such language is plain and unambiguous. It is comprehensive and all-inclusive in its reference to possible claims for damages. Instead of specifying particular damages and injuries, it purports to give a general release of "all" claims, and the general character of the language used is not in any way qualified or restricted by any other language. In our opinion, the damages set forth in the plaintiff's complaint are clearly damages to property caused either directly or indirectly by the mining and removal of coal under plaintiff's premises.

354

Although each case must depend upon the particular language employed, a clause less comprehensive in character than the one involved here was considered sufficient to release the right of subjacent support in *Stilley v. Pittsburgh-Buffalo Co.*, 234 Pa. 492, 83 Atl. 478, 41 L. R. A. (N. S.) 236.

It is our opinion that the defense of waiver and release as set forth in defendant's motion constituted a complete bar to the relief sought by plaintiff. The judgment of the trial court is affirmed.

*Judgment affirmed.*