ROCKING M. RANCH, INC., Plaintiff-Appellant, v. SAHARA COAL COMPANY, Defendant-Appellee.

Fifth District   No. 5—90—0105

Opinion filed July 3, 1991.

Donald W. Urban, of Sprague & Sprague, of Belleville, for appellant.

Walden E. Morris, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Rocking M. Ranch, Inc., brought this action in the circuit court of Saline County to recover damages to grazing and cropland which had subsided in the early 1980's as a result of the defendant's mining activities. Sahara Coal had purchased the mineral rights under the plaintiff's property in 1920 from one of the plaintiff's predecessors in title, and the deed contained a clause relieving the mineral estate owner of any duty to provide subjacent support or any liability for subsidence damage. The defendant filed a motion for summary judgment, arguing that based upon this waiver, it was not liable for

any subsidence damage to the plaintiff's property. The trial court agreed and granted summary judgment in the defendant's favor.

Plaintiff's first argument on appeal is that public policy no longer permits mining technologies which result in subsidence of the surface.

■ Plaintiff's action was brought pursuant to the common law duty to provide subjacent support which is owed to the surface owner by the owner of the mineral estate. This right was first recognized by our supreme court in *Wilms v. Jess* (1880), 94 Ill. 464. The court in *Wilms* also noted that the surface owner could waive the right to subjacent support. Since that time, numerous legislative enactments have manifested a growing public concern with conservation and protection of the environment. This concern has culminated with Illinois' entry, in 1975, into the Interstate Mining Compact (Ill. Rev. Stat. 1977, ch. 96½, par. 4701 *et seq.*) and in 1979, with the enactment of the Surface Coal Mining Land Conservation and Reclamation Act (SCMLCRA) (Ill. Rev. Stat. 1981, ch. 96½, par. 7901 *et seq.*). Section 1.02(a) of the SCMLCRA states:

> "It is declared to be the policy of this State to provide for conservation and reclamation of lands affected by surface and underground coal mining in order to restore them to optimum future productive use and to provide for their return to productive use including but not limited to: *** conservation, development, management, and appropriate use of all the natural resources of such areas for compatible multiple purposes *** and protecting the health, safety and general welfare of the people, the natural beauty and aesthetic values, and enhancement of the environment in the affected areas of the State; to prevent erosion, stream pollution, water, air and land pollution and other injurious effects to persons, property, wildlife and natural resources; to assure that the coal supply essential to the Nation's and State's energy requirements, and to their economic well-being is provided; to strike a balance between protection of the environment and agricultural productivity, and the Nation's need for coal as a source of energy; and to assure that land conservation and reclamation plans for all mining operations ***." (Ill. Rev. Stat. 1989, ch. 96½, par. 7901.02(a).)

Clearly, current public policy in Illinois recognizes a public interest in the protection and conservation of surface lands apart from the interest of the individual surface estate owner.

We must reject, however, plaintiff's contention that public policy now prohibits any mining activities which result in the subsidence of the surface. Section 4.02 of the SCMLCRA provides:

"Each operator shall adopt measures consistent with known technology in order to prevent subsidence causing material damage *to the extent technologically and economically feasible,* maximize mine stability, and maintain the value and reasonably foreseeable use of surface lands, *except in those instances where the mining technology used requires planned subsidence in a predictable and controlled manner.* Nothing in this Section shall be construed to prohibit the standard method of room and pillar mining." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 96½, par. 7904.2.

The statute clearly demonstrates that the SCMLCRA contemplates and accepts the occurrence of subsidence, both planned and unplanned, something this court implicitly recognized in *Old Ben Coal Co. v. Illinois Department of Mines & Minerals* (1990), 204 Ill. App. 3d 1062, 1071, 562 N.E.2d 1202.

■ We address next plaintiff's argument that recognizing and upholding waivers of subjacent support by predecessors in title is contrary to public policy. In *Boyer v. Old Ben Coal Corp.* (1923), 229 Ill. App. 56, a clause giving Old Ben the right to remove coal "without liability for any damage to the surface" was found sufficient to waive the right to subjacent support. The clause in the present case waived "all surface damages of any sort arising *** from the removal of said coal[.]" Under *Boyer* and other similar cases, the language in the coal deed would have been sufficient to waive any right to damages arising from subsidence, but this issue was last addressed in *Mason v. Peabody Coal Co.* (1943), 320 Ill. App. 350, 51 N.E.2d 285, over 45 years ago. Plaintiff's argument that such language should no longer be sufficient to waive subsidence damage is premised on the position that mining technologies resulting in subsidence are contrary to current public policy, a position which is not supported by the SCMLCRA. We conclude that waivers of the surface owner's common law right to subjacent support are not *per se* contrary to public policy. We would note, however, that because the duties imposed upon coal operators by the SCMLCRA are owed to the general public and are therefore unaffected by any waiver of subjacent support given by the surface owners, in most cases the coal operator would have a duty to repair and restore surface lands and structures notwithstanding of any waiver by the surface owner.

In the present case, plaintiff's complaint alleged only a violation of the common law duty to provide subjacent support. As noted above, language very similar to that employed in the deed in the present case has been held sufficient to waive the common law right

to recover for subsidence damage. We find the waiver in this case to be clear and unequivocal, and that the trial court correctly granted summary judgment for the defendants.

The judgment of the circuit court of Saline County is affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.